**UNITED STATES of America**

v.

**Jose Luis MEJIA a/k/a Flaco a/k/a Moises Montes Jose Luis Mejia,**

No. 01–1743.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 19, 2002.

Filed June 26, 2002.

---

* Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Before NYGAARD, AMBRO, and KRAVITCH, Circuit Judges.

## OPINION OF THE COURT

NYGAARD,* Circuit Judge.

This is an appeal by Appellant, Jose Luis Mejia from the judgment of the District Court in a criminal case following a bargained-for guilty plea. Mejia's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that there are no non-frivolous issues for appeal. The brief refers to those portions of the record that might arguably support an appeal and to the law relevant to guilty pleas.

As a general rule, the entry of a guilty plea constitutes a waiver of virtually all possible claims for appellate relief except (1) a claim that the court lacked jurisdiction to accept the plea; (2) a claim that the plea was invalid, according to applicable constitutional and statutory standards; and (3) a claim that the sentence is illegal. *See United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Since a guilty plea constitutes an admission that a defendant committed the charged crimes, any claim that is inconsistent with an admission of guilt generally is waived by the plea. *See Broce*, 488 U.S. at 570–75. The guilty plea colloquy conducted by the District Court in this case was extensive and in conformity with the requisites of Rule 11(c) of the Federal Rules of Criminal Procedure.

In *United States v. Marvin*, 211 F.3d 778 (3d Cir.2000), we reconfirmed the duty of counsel filing *Anders* briefs to attempt to uncover the best arguments for his or her client, and to explain the faults in possible arguments. We have independently examined the scant record in this case, and find nothing that would require counsel to do more than he has done already. He fairly represents that the Rule 11 colloquy was sufficient. This case is essentially straightforward and there do not appear to be any other issues that might be subject to possible appeal. Therefore, the judgment of the District Court will be affirmed.

---

* Honorable Phyllis A. Kravitch, Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation.