

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2002

# USA v. Mellot

Precedential or Non-Precedential: Non-Precedential

Docket No. 99-1606

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Mellot" (2002). *2002 Decisions.* Paper 511.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/511

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-1606
_____

UNITED STATES OF AMERICA

v.

LAWRENCE MELLOTT a/k/a TWISTED
Lawrence Raymond (Ray) Mellot, Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 98-cr-00291-5)
District Judge: Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a)
July 29, 2002
Before: BECKER, Chief Judge, ROTH and RENDELL
Circuit Judges.

(Filed: August 16, 2002)
_____

OPINION
_____

BECKER, Chief Judge.

Lawrence Mellot appeals from a judgment in a criminal case entered pursuant to his plea of guilty to one count of conspiracy to distribute cocaine and methamphetamine. Mellot's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 728 (1967), representing that there are no non-frivolous issues for appeal. The brief refers to those portions of the record that might arguably support an appeal and to the relevant law.

The putative appellate issues all deal with the District Court's sentence of Mellot to a term of imprisonment of 84 months (Br. 17; Supp. App. 95a-96a). In imposing the sentence, the court granted the government's motion for departure from the Sentencing Guidelines range pursuant to U.S.S.G. 5K1.1, filed as a result of Mellot's cooperation. In so doing, the Court imposed a term of imprisonment below the 92 to 115 month Sentencing Guidelines range Mellot otherwise faced, and well below the U.S. Probation Office's recommended sentence of 104 months. However, this sentence was well above the government's recommendation for a sentence of 48 months.

Mellot's trial counsel did not file or make any motions for a downward departure at sentencing. However, in his notice of appeal, trial counsel identified a number of reasons why he believed Mellot's sentence was improper. Counsel asserted that the court should have further reduced Mellot's sentence on the basis of his "minor" role in the offense (Paragraphs 1, 2, 2, and 9 of Notice of Appeal, his post-offense rehabilitation (Paragraphs 5 and 8; his physical disability as an amputee (Paragraph 9); and the fact that his criminal history category overstates the seriousness of his prior convictions (Paragraphs 6, 7, and 10).

In our recent opinion in United States v. Marvin, 211 F.3d 778 (3d Cir. 2000), we reconfirmed the duty of counsel filing Anders briefs to attempt to uncover the best arguments for his or her client, and to explain the faults in possible arguments. We have examined the scant record in this case, but find nothing that would require counsel to do more than he has already.

With respect to the suggested downward adjustment for a minor role in the offense, the record contains no basis for such an evaluation. The record reflects that Mellot, along with several defendants, was a dealer who participated in acquiring the drugs that the defendants distributed in the community. The mere fact that Mellot did not sell cocaine but only methamphetamine does not affect this conclusion. Mellot's claim that the record establishes post-offense rehabilitation, that he has become a better and more responsible person, especially a better and quite responsible parent, which we commend, does not even approach the very high standard required for a downward departure on that ground. Neither does his physical disability as an amputee. We also see no basis for the claim that the criminal history category overstates the seriousness of his prior convictions. We note in this regard that the testimony that the prior convictions should never have been entered does not permit us to ignore them.

Two additional points need to be made. First, we note that Mellot did not ask the District Court to consider these factors as grounds for a downward departure separate from the departure the Court granted pursuant to the government's 5K1.1 motion. Accordingly, Mellot waived these issues on appeal, and they may be reviewed only for plain error. United States v. Olano, 507 U.S. 725, 733-34 (1993).

Second, even if Mellot's trial counsel had raised these factors as grounds for a separate motion for downward departure, it is apparent from the sentence imposed by the District Court, that the Court was not disposed towards a more substantial departure. (Supp. App. 103a-104a). We also note that, had the District Court been requested to depart downward under Guidelines Section 5K1.2, and evinced knowledge of its power to depart but declined to do so, its decision would not even be reviewable on appeal. The challenge would be dismissed for lack of appellate jurisdiction. United States v. Georgiadis, 933 F.2d 1219 (3d Cir. 1991); United States v. Denardi, 892 F.2d 269 (3d Cir. 1989).

In our independent examination of the record, we have found that it presents no issues that would justify further review. Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court. _____

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:

/s/ Edward R. Becker
Chief Judge