**UNITED STATES of America,**

v.

**Dontavier L. MARTINEZ, Appellant.**

**No. 02-2192.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 11, 2002.

Decided Dec. 13, 2002.

---

Before FUENTES, and GARTH, Circuit Judges, and WALLACH, Judge.*

OPINION

GARTH, Circuit Judge.

This case involves the appeal of Dontavier L. Martinez from his judgment of conviction and sentence for one count of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. Martinez's counsel, Mark W. Catanzaro, Esq., appointed under the Criminal Justice Act, has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that there were no non-frivolous issues presented for our review, and has moved to withdraw as counsel. Counsel's *Anders* brief is inadequate.[1]

---

* Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation.

1. In *United States v. Marvin,* 211 F.3d 778 (3d Cir.2000), we had explained counsel's obligations in an *Anders* situation and had analyzed the responsibilities of counsel assigned to file an *Anders* brief. In that case, we had found the *Anders* brief deficient and inadequate, and we had denied counsel's motion to withdraw from representing the defendant, Marvin. Here, as in *Marvin,* not only has counsel failed to identify issues that are presented in his client's *pro se* brief but, in his failure to address the issues we discuss here-

in, he of course does not explain, as we require, why these issues are legally frivolous.

While we do not reject counsel's brief, we would have expected that counsel would have filed a brief identifying and discussing the matters which we have discussed in the within opinion together with citation to relevant authority. We are of the opinion that little thought had been given by counsel to his obligations and responsibilities as an *Anders* counsel. *See Marvin, supra.* Were it not that our independent review satisfies us that there is patently no merit to Martinez's appeal, we would reject the brief filed by his counsel in this case, and we would require further brief-

However, because our review indicates that the frivolousness of the appeal is patent, we will affirm the judgment of the district court and will grant the motion of Martinez's counsel to withdraw.

## I.

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion.

A grand jury indicted Martinez on two counts of bank robbery of federally-insured banks in New Jersey. It was charged that each robbery violated 18 U.S.C. §§ 2113(a) and 2. The robberies took place on October 2 and October 31, 2000, respectively. The district court denied Martinez's pre-trial motion to suppress certain statements he had made to FBI agents.

Three days after the start of trial, Martinez and the Government reached an unconditional plea agreement. Pursuant to this agreement, Martinez pled guilty to the second count of the indictment, pertaining to the October 31 robbery; and the Government moved at sentencing for dismissal of the first count, pertaining to the October 2 robbery. The district court dismissed the first count, and on the second count sentenced Martinez to a 70–month prison term, with three years of supervised release to follow, and ordered Martinez to pay a fine of $2500 and make restitution.

Martinez's timely appeal followed.

## II.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Martinez's

counsel filed an *Anders* brief, expressing his belief that there were no non-frivolous issues presented for our review. In the one-page argument section of his *Anders* brief, Martinez's counsel notes that he "fails to see any defects in the plea agreement or the entry of the guilty plea," *Anders* Br. at 9, that "Martinez was treated fairly in an application of the Guidelines as he was sentenced within the guideline range for the offense charged," *id.*, and that "the court declined to grant the government's request for an upward adjustment." *Id.*

In reviewing an *Anders* brief, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). To be adequate under *Anders*, counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous." *Id.* The *Anders* brief here, as we have stated, is inadequate. Though counsel has provided an appendix containing references to the record, the argument section of his brief consists of just one single page and is bereft of citations to legal authority. *Cf. id.* (finding *Anders* brief inadequate where "counsel's analysis of the merits of the potential appealable issues constituted two pages," and "[w]ith regard to sentencing, counsel's examination cites no case law").

In *United States v. Marvin*, 211 F.3d 778 (3d Cir.2000), we explained that "except in those cases in which frivolousness is patent, we will reject briefs ... where

---

ing, consistent with *Marvin*. Further, we would deny counsel leave to withdraw.

Because, as our discussion in text reveals, it is patent that there are no non-frivolous is-

sues, we will decline to take those actions and we will affirm the district court's judgment.

we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client." *Id.* at 781. Despite the inadequacy of the *Anders* brief filed by Martinez's counsel here, upon review of Martinez's contentions in his own *pro se* brief, none of which are mentioned in the *Anders* brief filed by counsel, as well as the Government's helpful brief, we conclude that the frivolousness of Martinez's appeal is patent, and thus we will affirm the judgment of the district court.

■ Martinez raises four arguments in his *pro se* brief: (1) that the district court should not have suppressed statements he made to investigating FBI agents; (2) that the district court erred in finding during the sentencing phase that Martinez participated in the October 2 robbery (for which charges were dismissed); (3) that the district court was biased against him and in favor of the Government; and (4) that he received ineffective assistance of counsel. All of these arguments but the last are patently frivolous, and the ineffective assistance claim is more properly brought in a collateral proceeding. *See United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998).

First, Martinez claims that the district court should have suppressed statements he made to FBI agents concerning his participation in the October 2 robbery. When Martinez entered an unconditional plea of guilty, however, he waived his right to challenge the district court's denial of his motion to suppress the statements. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

Thus, any challenge to the district court's determination on appeal would be frivolous.

■ Second, Martinez claims that the district court erred in finding, for purposes of sentencing, that he participated in the robbery committed on October 2, 2000. Even though the count charging Martinez with participation in the October 2 robbery had been dismissed, the Government properly notes that the Sentencing Guidelines explicitly permit consideration of Martinez's involvement in the October 2 robbery in determining that he should be sentenced at the higher end of the Guidelines range. *See* Appellee's Br. at 13 (citing U.S.S.G. § 1B1.4 Background). "Sentencing findings are reviewed for clear error. The burden of proof in the District Court is on the government, and the standard of proof is a preponderance of reliable evidence." *United States v. Tiller*, 302 F.3d 98, 106 n. 4 (citing *United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir.1999)). The Government here clearly met its burden of proof. The district court, in finding that Martinez knowingly participated in the October 2 robbery, relied upon Martinez's confession (which it had earlier ruled voluntary) and the Government's proffer concerning the testimony of Martinez's co-conspirator, Steven Bryant. *See* App. 120–23. Martinez did not present any evidence on the issue. *See* App. 120. There is therefore no basis on which Martinez could argue that the district court had committed clear error in finding that he had participated in the October 2 robbery, and thus such an argument constitutes a frivolous ground for appeal.

■ Third, Martinez claims that the district court had a "pro-prosecution" bias and concomitant bias against him. We interpret this assertion as arguing that the

district court should have recused itself. The Supreme Court has explained that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). There is no evidence in the record of such favoritism or antagonism. Martinez's claims of bias are in fact rooted only in the district court's credibility determinations during the suppression hearing, and such determinations do not form a basis for a motion for recusal. Such an argument is therefore frivolous.

■ Fourth, Martinez highlights problems with the representation provided by counsel. To the extent that this argument is interpreted as a claim of ineffective assistance of counsel, we have said that "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." *United States v. Haywood,* 155 F.3d 674, 678 (3d Cir.1998) (internal quotation marks and citations omitted). Accordingly, though we express no view on its merits, because there is not sufficient evidence in the record to review such a claim, *see id.* (quoting *United States v. Headley,* 923 F.2d 1079, 1083 (3d Cir. 1991)), the ineffective assistance claim is more properly brought in a collateral proceeding pursuant to 28 U.S.C. § 2255.

Our independent review of the record has not unearthed any additional grounds for appeal that are non-frivolous. We therefore conclude that the frivolousness of Martinez's appeal is patent, notwithstanding the inadequacy of the *Anders* brief submitted by Martinez's counsel.

### III.

For the foregoing reasons, the judgment of the district court will be AFFIRMED and the motion of Martinez's counsel to withdraw will be GRANTED.