

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2003

# USA v. Shaw

Precedential or Non-Precedential: Non-Precedential

Docket 02-2269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Shaw" (2003). *2003 Decisions.* Paper 539.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/539

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 02-2269

———————

UNITED STATES OF AMERICA

v.

DOUGLAS M. SHAW, JR.
a/k/a D

Douglas M. Shaw, Jr.,
                                        Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cr-00267-02)
District Judge:  Hon. Faith S. Hochberg

———————

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2003

Before:  SCIRICA, Chief Judge, SLOVITER and NYGAARD, Circuit Judges

(Filed  May 22, 2003)

———————

OPINION OF THE COURT

SLOVITER, Circuit Judge.

In this appeal from his conviction for conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine, Appellant Douglas Shaw argues that the Government did not prove that the cocaine base he sold was in fact crack.

**I.**

Shaw entered into a plea agreement dated June 8, 2001, in which he agreed that, on or about January 2001 until April 17, 2001, he conspired with others to distribute and possess with intent to distribute in excess of 50 grams of crack cocaine. At the change of plea hearing, he confessed to distribution of approximately 60 grams of crack cocaine on April 17, 2001 to Leron Jackson at a Burger King restaurant. In response to an inquiry by the District Court, Shaw stated that he understood the terms of his plea agreement which contained the words "crack cocaine." App. at 27-8. The District Court then accepted Shaw's guilty plea.

At the sentencing hearing, Shaw's counsel moved for a downward departure, on various grounds which were, as the Government stated, "eloquently advanced." App. at 53. The court denied the motion. Thereafter, counsel sought reconsideration of Shaw's career offender status and was successful on that motion. Shaw was sentenced to 144 months in prison, instead of being subject to a sentencing range of 262 to 327 months applicable to a career offender.

On appeal, Shaw argues that the Government did not prove that the cocaine base in

2

his possession on April 17, 2001 was crack. His counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). To satisfy the <u>Anders</u> requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and "explain why the issues are frivolous." <u>United States v. Marvin</u>, 211 F.3d 778, 780 (3d Cir. 2000). Under <u>Anders</u>, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. 386 U.S. at 744. The defendant is given an opportunity to file a brief, and Shaw filed a pro se brief.

## II.

As noted above, Shaw argues that the Government should have been required to prove that the substance in his possession was in fact "crack cocaine" for purposes of sentencing. He does not argue that the substance was not crack and, significantly, has admitted that he was selling crack. In an exhaustive colloquy with the District Court, Shaw answered as follows:

> Q    On that date did you get approximately 60.4 grams gross of crack cocaine from an individual known to you as 'E' and sometimes referred to you as Esai, which you planned to sell to the individual?
>
> A    Yes.
>
> Q    Later on April 17th, 2001, did you appear at the Burger

King parking lot with approximately 60.4 grams gross of
crack cocaine, get into a vehicle with Leron Jackson and the
individual and hand the crack cocaine to Leron?

A      Yes.

.  .  .

Q      In or about March 2001 did you purchase
approximately 100 hundred grams of crack cocaine from a
New York City source known to you as Mohan also known as
'Moo'?

A      Yes.

App. at 37.

He also admitted that he fully understood the terms of his agreement and the crime to which he was pleading guilty.  Under the circumstances, we reject Shaw's argument that the Government failed to prove that the substance was crack cocaine.  There was no need to prove something Shaw had admitted.

Shaw also argues that his trial counsel gave ineffective assistance.  We have held that such challenges should be brought in collateral actions and not on direct appeal. United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998).  In Haywood, this court reiterated that the only exception to this rule is "'[w]here the record is sufficient to allow a determination of ineffective assistance of counsel, [and] an evidentiary hearing to develop the facts is not needed.'"  Id. (quoting United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991)).  This is not such a case.

## III.

For the reasons set forth, we will affirm the judgment of conviction and sentence.

We will grant counsel's motion to be relieved.


/s/ Dolores K. Sloviter
Circuit Judge