**UNITED STATES of America,**

v.

**Nizim DARWISH a/k/a RIQZ a/k/a Ahmad Foda a/k/a Nidham Dareech Nizim Darwish, Appellant.**

**No. 02–1495.**

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) on July 10, 2003.

Decided Sept. 3, 2003.

---

Ewald Zittlau, Office of United States Attorney, Philadelphia, PA, for Appellee.

Nizim Darwish Oakdale, LA, pro se.

Before NYGAARD and SMITH, Circuit Judges, and IRENAS, District Judge.*

## OPINION OF THE COURT

SMITH, Circuit Judge.

On January 14, 2001, Appellant Nizim Darwish and four other individuals were charged with eight counts of defrauding financial institutions by depositing checks which were either counterfeit, forged, unauthorized or for which there were insufficient funds in violation of 18 U.S.C. §§ 1344 and 2. Following dismissal of counts seven and eight, a jury convicted Darwish of each of the remaining six counts of bank fraud. At trial, several of Darwish's codefendants testified that Darwish supplied the fraudulent checks that they deposited in their bank accounts and that Darwish demanded payment from them of a portion of the amount of each check.

On February 15, 2002, Darwish filed a *pro se* appeal from the jury's verdict even though he had not yet been sentenced. His appeal "was treated as filed" after his sentencing on June 6, 2002. *See* Fed. R.App. P. 4(b)(2). The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291.

After we appointed Darwish's trial counsel to represent him, counsel moved to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Local Appellate Rule 109.2(a).[1] In *Anders,* the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. Thus, counsel's

---

* The Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

1. Rule 109.2(a) of the Third Circuit states:
   Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response *pro se.* After all the briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* As we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001), the *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir.2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous."). If review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

After considering counsel's *Anders* brief, we are satisfied that he thoroughly examined the record for issues of arguable merit and fulfilled the requirements of *Anders*. Counsel summarized the testimony of the various witnesses, including that of Darwish's coconspirators who described the extent to which Darwish participated in the fraudulent scheme. This damaging testimony, counsel acknowledged, established Darwish's culpability in the scheme, leaving no issues of arguable merit for appeal.

Counsel also addressed Darwish's contention, raised both in conference with counsel and in his own *pro se* informal brief submitted to this Court, that he was not guilty and that the jury erred because it credited the testimony of his coconspirators. Counsel recognized that Darwish's argument was meritless inasmuch as a jury is free to credit or to reject, in whole or in part, the evidence admitted at trial. In this case, the jury obviously rejected Darwish's testimony and credited that of his coconspirators.

We agree with counsel's assessment of Darwish's appeal. Our own independent review of the record fails to reveal any nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court entered on June 7, 2002. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court 3d Cir. LAR 109.2(b).