

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2003

# USA v. Negron

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3789

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Negron" (2003). *2003 Decisions.* Paper 276.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/276

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3789
_____

UNITED STATES OF AMERICA

v.

ROBERT NEGRON,
*Appellant*

_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 01-cr-00278)
District Judge: Honorable Anne E. Thompson

_____

Submitted Under Third Circuit LAR 34.1(a)
July 3, 2003

Before: SCIRICA, *Chief Judge*, BARRY and BECKER, *Circuit Judges*.

(Filed: September 11, 2003)
_____

OPINION OF THE COURT
_____

BECKER, Circuit Judge.

Robert Negron has appealed from a judgment in a criminal case pursuant to his

bargained for plea of guilty to a charge of being a convicted felon in possession of a

firearm. 18 U.S.C. § (g)(1) and (2). Negron's counsel, Philip J. Moran, has filed a brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967), accompanied by a "Motion of Request to be Relieved as Counsel," and by a certification in support of the motion and of the *Anders* brief, containing 36 paragraphs and concluding that there are no non-frivolous issues for appeal. The brief refers to those portions of the record that might arguably support an appeal and to the relevant law. The affidavit goes into detail as to every aspect of the case, both the guilt and sentencing phase.

As a general rule, the entry of a guilty plea constitutes a waiver of virtually all possible claims for appellate relief except (1) a claim that the court lacked jurisdiction to accept the plea; (2) a claim that the plea is invalid, according to applicable constitutional and statutory standards; and (3) a claim that the sentence is illegal. See *United States v. Broce*, 488 U.S. 563 (1989), *Tollett v. Henderson*, 411 U.S. 258 (1973). Since a guilty plea constitutes an admission that the defendant committed the charged crimes, any claim that is inconsistent with an admission of guilt generally is waived by the plea. See *Broce*, 488 U.S. at 570-75. The guilty plea colloquy conducted by the District Court was extensive and in conformity with the requisites of Rule 11(c) of the Fed. R. Crim. P. We need not describe the colloquy in detail. Suffice it to say that each of the requirements of Rule 11(c) were amply covered, including establishing the factual basis for the plea. Counsel's certification, which sets forth his independent investigation, confirms the factual basis. He also confirms his review of the presentence report and states that there is no basis for objection to the calculation of the base offense level or application of the

2

upward adjustment because the weapon was defaced. (A serial number was obliterated.)

He also represents that he finds no basis for additional downward adjustments (additional

to three levels for acceptance of responsibility).

*Inter alia*, Mr. Moran's certification states:

> 31. Finally I have attempted to sit and look at the entirety of Robert Negron's situation and my involvement. Mindful that I need argue every non-frivolous issue, even those that appear unsupported by current law or reasonable analogy.

> 32. I have reviewed again <u>Anders</u> requirements, and have found solace in Justice Stewart's decent [sic] and note the inherently "quixotic" nature of the undertaking. In truth, in this case, I believe requiring a brief to be the logical equivalent of ordering me to balance an egg on its edge.

> 33. In addition to analyzing each segment or discernable part of this process, I have also attempted to take each Constitutional Amendment that might offer some solace to a defendant, and try to find an arguable basis there for appeal. I have considered the Second Amendment, I have considered the Fourth Amendment, I have considered the Fifth Amendment, I have considered the Sixth Amendment and I have considered the broadest implications of the Fourteenth Amendment but I have found nothing upon which Mr. Negron's hat might rest.

> 34. I have examined the underlying statute and compared its required elements to the facts offered at the time of the plea. I have examined the Statute in terms of its constitutional foundation. I am aware of the prior decision of this Court in United States v. Singletary, 268 F.3d 196 (3d Cir. 2001). This is a controlling precedent. Notwithstanding that, I find an arguable discordance with my reading of the decision in United States v. Lopez, 514 U.S. 549 (1995), United States v. Morrison, 529 U.S. 598 (2000), and Jones v. United States, 529 U.S. 848 (2000). However, my research shows that although at least 9 other Courts of Appeals have considered this issue, none has found this statute unconstitutional. I have nevertheless briefly, briefed this issue.

> 35. I recognize that this Court wants a Brief. Heretofore, I believed

3

that any good attorney could surely always find something to argue about in every case. Here, however, I am defeated.

Pursuant to these comments, Mr. Moran's brief seeks to establish a basis for constitutional challenge to § 922(g). His efforts fail, particularly in light of our decision in *United States v. Singletary*, 268 F.3d 190 (3d Cir. 2001).

In *United States v. Marvin*, 211 F.3d 778 (3d Cir. 2000) we reconfirmed the duty of counsel filing Anders briefs to attempt to uncover the best arguments for his or her client, and to explain the faults in possible arguments. We have examined the scant record in this case, but find nothing that would require counsel to do more than he has already. He fairly represents that the Rule 11 colloquy passes muster. The sentence was not flawed. The statute of conviction is constitutional. The case is essentially straightforward and there do not appear to be any other issues that might be the subject of possible appeal. Accordingly, the judgment of the District Court will be affirmed. We deny Mr. Negron's motion for the appointment of new counsel. We grant Mr. Moran's motion to withdraw.[1]

---

[1]While Mr. Moran was dilatory in fulfilling his *Anders* obligations, and it took some effort by the Court to get him to complete them, he ultimately did so. Mr. Moran's dilatoriness does not affect the outcome of the case. We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b)(2000).

/s/   Edward R. Becker
Circuit Judge