

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2005

# USA v. Elliott

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Elliott" (2005). *2005 Decisions*. Paper 509.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/509

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-1763

———

UNITED STATES OF AMERICA

v.

LERONE ELLIOTT,
      Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 03-cr-00388)
District Judge: Honorable James K. Gardner

———

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2005

Before:  SLOVITER, BARRY and SMITH, Circuit Judges

(Filed: September 22, 2005)
———

OPINION

SLOVITER, Circuit Judge.

Lerone Elliott, who pleaded guilty to one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326 (a) and (b)(2), now appeals from his conviction and sentence. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), together with a motion to withdraw as counsel.

Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. See id. at 741-42, 744. To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000).

Because we write primarily for the parties who are familiar with the underlying facts, we will limit our discussion to resolution of the issues presented. Elliott, a citizen of Jamaica who was living with his mother on an immigrant visa, was convicted in New Jersey in 1997 of possession of cocaine with intent to distribute. He was sentenced to five years imprisonment,[1] and was released before the conclusion of his term. He was deported to Jamaica on August 30, 2000; at that time he was informed that it was illegal

---

[1] The New Jersey Superior Court vacated Elliott's drug conviction following his reentry, but that has no bearing on the current appeal.

to return to the United States without the express permission of the Attorney General. Nonetheless, he returned without permission. His presence came to the attention of the authorities after he was stopped by a local Pennsylvania police officer on suspicion of careless and possibly intoxicated driving. The officer observed Elliott, who was in the "through" lane, illuminate his right turn signal, slow to a near stop while in the through lane, but then continue driving through the intersection. Elliott's car then turned into a private lane. The officer returned only after receiving a report via computer that the owner of the automobile resided in Harrisburg, not in the private lane. After Elliott's car emerged from the private lane, the officer stopped it, reviewed Elliott's identification papers, and learned from the computer record that Elliott was a previously deported felon. He called the INS to confirm Elliott's immigration status, and was instructed to arrest Elliott.

Elliott was charged with illegal reentry after removal. He moved to suppress the identification evidence obtained by the officer at the scene, contending that the stop was racially motivated. The District Court denied the motion, finding that the officer had conducted a lawful investigative stop pursuant to Terry v. Ohio, 392 U.S. 1 (1968), because he had reasonable suspicion that Elliott had violated Pennsylvania statutes covering careless driving and driving under the influence. The Court also found that the officer was unaware of Elliott's race before stopping him. Thereafter Elliott pled guilty to the indictment pursuant to an agreement which included a waiver of his appellate

3

rights.  It is the latter provision that is dispositive of this appeal.

At sentencing, Elliott argued that he was entitled to a downward departure under U.S.S.G. § 5K2.0 based on his cultural assimilation.  The Government responded that his cultural assimilation was not so exceptional as to warrant a departure.  Elliott also argued that he was entitled to a downward departure because his New Jersey drug conviction was vacated on racial profiling grounds after his illegal reentry.  The Government responded that no departure was warranted on that ground because there was no individualized determination by the New Jersey courts that Elliott had been subject to racial profiling.

The District Court did award a substantial departure because of the vacation of Elliott's drug conviction and imposed a sentence of 17 months imprisonment, significantly down from the applicable guideline range of 37 to 46 months.

In the Anders brief, counsel states that there are no non-frivolous issues to be raised on appeal.  Counsel's brief demonstrates that he has reviewed all possible issues and notes that there is no basis to challenge the appeal waiver.  We agree.  The only possible issue stems from the stop of Elliott's car, but the evidence demonstrates that the officer had a reasonable basis for stopping Elliott's car in light of the officer's testimony that he had a suspicion that the driver of the automobile had violated Pennsylvania's careless driving statute.  We agree with the District Court that there is no evidence to support the suggestion that the stop was racially motivated.

Under the circumstances we will give effect to Elliott's waiver of his appellate rights. We will grant counsel's motion to withdraw because we find he has fulfilled his obligation under <u>Anders</u>.[2]

_____

[2] We note that counsel has reported that he has been unable to locate Elliott who has been deported to Jamaica and therefore has not been able to provide notice of the appeal. Nonetheless, inasmuch as counsel has apparently made all possible inquiries, we see no reason not to proceed with disposition of this appeal as Elliott has not provided counsel with an address at which he can be reached. However, when we forwarded this opinion for filing, we were advised that Elliott has filed, pro se, a petition for review of an adverse ruling on his petition for asylum. That filing does not have any effect in this criminal appeal. Because Elliott has not maintained contact with his counsel in this case, we will proceed to grant counsel's motion to withdraw.