

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# USA v. Ruffin

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3090

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ruffin" (2006). *2006 Decisions.* Paper 978.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/978

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3090

UNITED STATES OF AMERICA

v.

MAJOR LEE RUFFIN,
                                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. 04-cr-00422
District Judge:  The Honorable Freda L. Wolfson

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

Before: BARRY, SMITH and ALDISERT, Circuit Judges

(Opinion Filed:  June 1, 2006 )

OPINION

BARRY, Circuit Judge

Major Lee Ruffin appeals his conviction and sentence.  Ruffin's counsel has filed

a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming

that there are no nonfrivolous grounds for appeal. Ruffin has chosen not to file a *pro se* brief. We will affirm Ruffin's conviction and sentence, and grant counsel's motion to withdraw.

## I.

On March 28, 2003, Ruffin was arrested after arriving at a motel where he had arranged to sell drugs to a confidential informant. The police seized 63.4 grams of crack cocaine from Ruffin's car. Ruffin pled guilty on February 10, 2005 to one count of conspiracy to distribute and possession with intent to distribute cocaine. At sentencing, the District Court rejected the two-level increase in the offense level recommended in the Presentence Investigation Report for Ruffin's managerial or supervisory role in the offense, granted a three-level decrease in the offense level for acceptance of responsibility, and found that Ruffin should be accorded the benefits of a two-level decrease by virtue of the safety valve provision of the U.S. Sentencing Guidelines, which further allowed him to be sentenced below the mandatory minimum ten-year sentence. The Court sentenced Ruffin to 70 months imprisonment, the lowest possible term under the applicable Guidelines range of 70-87 months.

## II.

"[W]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief." 3d Cir. LAR Misc. 109.2(a). In reviewing that motion

to withdraw, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted).

## A.

We must be satisfied "that counsel has thoroughly examined the record in search of appealable issues" and has "explain[ed] why the issues are frivolous" in his or her *Anders* brief. *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). Our review convinces us that Ruffin's counsel searched the record and presented all possible grounds for appeal. Indeed, after counsel informed Ruffin that he could find no nonfrivolous issues for appeal, Ruffin suggested four possible issues, which counsel explored in his brief, and which we will address.

## B.

When conducting an independent review of the trial court record, we "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief." *Id.* at 301. The four issues raised by Ruffin's counsel are: (1) the soundness of Ruffin's guilty plea; (2) whether Ruffin was entitled to a jury trial on the issue of Guidelines sentencing enhancements; (3) whether the District Court properly counted Ruffin's prior conviction for possession of cocaine when computing his criminal history category; and (4) whether Ruffin's prior counsel was ineffective.

As to the first issue, a guilty plea must be "a voluntary and intelligent choice among alternative courses of action." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). The record leaves no doubt that Ruffin's plea was knowing and voluntary. His signature appears on his application for permission to enter a plea of guilty and on his plea agreement, which he had ample time to review with counsel. The plea colloquy was thorough, with Ruffin stating that he was not under the influence of any drugs or alcohol and indicating his understanding of the significance of the rights he was surrendering and the ramifications of his guilty plea.

Second, Ruffin was not entitled to a jury trial on Guidelines sentencing enhancement issues. Aside from the fact that *United States v. Booker*, 543 U.S. 220 (2005), created no such right, Ruffin did not receive any enhancement and admitted all of the facts upon which his sentence was based.

Third, Ruffin's October 2000 conviction for cocaine possession, for which he received two years probation, was properly considered in determining his criminal history category. Any probationary sentence "that was imposed within ten years of the defendant's commencement of the instant offense is counted" in computing the defendant's criminal history. U.S.S.G. § 4A1.2(e)(2). The instant offense was committed on March 28, 2003, not even three years after the previous offense.

Finally, Ruffin asserts that he received ineffective assistance of counsel from the attorney who represented him during his change of plea hearing. Prior to that hearing,

4

Ruffin informed the District Court that he wished to discharge that attorney, but then changed his mind, and submitted a letter to the Court during the hearing expressing his satisfaction with the attorney's representation of him. For reasons unclear in the record, his current attorney, who now seeks to withdraw, took over the representation at some point between the change of plea hearing and the sentencing hearing. Regardless of what formed the basis of Ruffin's initial, and now current, dissatisfaction with his first attorney, his ineffective assistance claim is premature, because such claims must ordinarily be raised in a collateral attack pursuant to 28 U.S.C. § 2255, and not on direct appeal. *United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002).

### III.

We are satisfied that counsel has thoroughly examined the record in search of appealable issues and has explained why any such issues are frivolous. Our own independent review of the record reveals no nonfrivolous issues. Therefore, we will affirm the judgment of conviction and the sentence, and we will grant counsel's motion to withdraw.