

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# USA v. Felix

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1988

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Felix" (2008). *2008 Decisions.* Paper 559.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/559

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1988

UNITED STATES OF AMERICA

v.

JULIO FELIX,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 04-cr-00304)
District Judge: Hon. William J. Martini

Before: McKEE and ROTH, Circuit Judges, and
O'NEIL,[*] District Judge

Submitted pursuant to Third Circuit LAR 34.1(a)
May 12, 2008

(Opinion filed:   September 9, 2008)

OPINION

McKEE, Circuit Judge.

　　Julio Felix appeals the district court's judgment of conviction and sentence.

Felix's counsel has filed a motion to withdraw as counsel and submitted a brief pursuant

---

[*]The Honorable Thomas N. O'Neil, Senior District Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

to *Anders v. California*, 386 U.S. 738 (1967), asserting that Felix's appeal raises no nonfrivolous issues. Felix has also filed a *pro se* brief. For the reasons that follow, we will affirm.

## I.

Because we write primarily for the parties, we note only the facts and procedural history that are helpful to our brief discussion.

Under *Anders*, if, after review of the record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, he/she may file a brief referring to anything in the record that could conceivably support an appeal, and then ask leave to withdraw. 386 U.S. at 741-42. To satisfy the *Anders* requirement, counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000) (citation omitted). We have stated that:

> The Court's inquiry when counsel submits an *Anders* brief is thus twofold:
> (1) whether counsel adequately fulfilled [Third Circuit LAR 109.2's]
> requirements; and (2) whether an independent review of the record presents
> any nonfrivolous issues.

*United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). We exercise plenary review in determining whether an appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

## II.

In his *Anders* brief, counsel considered: (1) the district court's denial of the motion

2

to produce grand jury testimony; (2) the district court's denial of the motion to produce *Brady* material; (3) the district court's denial of the motion for information relating to Felix's identification; (4) the district court's denial of the motion to identify cooperating witnesses or provide their photographs; (5) the district court's denial of the suppression motion; (6) the district court's denial of the motion for production of statements; (7) the district court's reservation of a decision on Felix's suppression motion; and (8) the district court's denial of the motion challenging the admissibility of prior convictions. Counsel concluded that none of these rulings raised meritorious issues for appeal. We agree.

Counsel also considered possible sentencing issues. Felix had a Total Offense Level 32 and a Criminal History Category I, yielding a Guideline range of 121 to 151 months. However, a mandatory minimum sentence of 10 years applied. 21 U.S.C. § 841(a)(1)(A). The government argued for a sentence toward the upper Guideline range. However, the district court, considered that Felix was a first time offender at age 49 and rejected the government's request because it was excessive. The court also expressed the view that the 10 year mandatory minimum was excessive as applied to Felix. However, the court had no authority to impose anything less, and therefore sentenced Felix to a period of incarceration of 120 months. That was one month less than the advisory Guideline range. *See, United States v. Rita*, __ U.S. __, 127 S.Ct. 2456, 2465 (2007).

Felix has requested that counsel raise an ineffective assistance of counsel claim as to both his original lawyer and his appointed trial counsel. However, current counsel

3

correctly notes that such claims are not appropriate for a direct appeal. Rather, they must be raised in a collateral habeas proceeding. *See United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002) ("[W]e have stated repeatedly that Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255 rather than on direct appeal.") (citing cases).

## III.

As noted, Felix has filed his own *pro se* brief raising five issues. First, Felix contends that the government, in its opening and summation, improperly vouched for the credibility of Hugo Agudelo, a key cooperating witness. Felix claims that in summation and again in rebuttal, the government argued that the jury should not believe Agudelo's testimony because telling the truth was in his self-interest under his plea agreement. In its rebuttal summation, the government contended that phone records were "hard to cross [examine]," thereby corroborating Agudelo. Supp. App. 65. Felix never objected to these comments. Therefore, he has to demonstrate plain error. *United States v. Richards*, 241 F.3d 335, 341-42 (3d Cir. 2001).

A prosecutor's comments constitute improper vouching only if "the prosecutor . . . assure[s] the jury that the testimony of a Government witness is credible[,]" and "[if] this assurance [is] based on either the prosecutor's personal knowledge or other information not contained in the record." *United States v. Harris*, 471 F.3d 507, 512 (3d Cir. 2006). Here, the government did neither. Rather, the prosecutor used an appropriate argument to

4

suggest that Agudelo was telling the truth. *United States v. Lore*, 430 F.3d 190, 212 (3d Cir. 2005) (rejecting claim that argument constituted improper vouching where "throughout the comments . . . the prosecutor referenced the corroborating evidence of record."). It was also proper for the government to argue that a cooperating witness's plea agreement provides an incentive for truthful testimony, so long as the cooperating witness has so testified or the record otherwise supports the argument. *United States v. Saada*, 212 F.3d 210, 225 (3d Cir. 2000) ("Because the prosecutor's comments as to why [the cooperators] had an incentive to tell the truth were based on th[e] evidence, they constituted proper argument and not improper vouching."). Thus, Felix's first claim is frivolous.

Second, Felix contends that the district court abused its discretion when it refused to permit him to again raise his motion to suppress when his new counsel was appointed. Felix claims that "[a]t this November 17, 2004 hearing it was adduced that Felix's newly appointed attorney . . . and the court were unaware of any Motion To Suppress that had been filed on Felix's behalf." *Pro Se* Br. at 8.

However, Felix misrepresents the record. His defense counsel stated that he "kn[e]w there were pretrial motions," but that he had previously been informed that the motions relied on the premise that Felix had given oral consent to search his apartment but had not consented in writing. In addition, the government said that a suppression motion had been made, but because the motion was only "one conclusory statement," the

5

district court reserved a decision and gave Felix an opportunity to submit an affidavit and evidence to support his claim that his consent had been invalid. The government also noted that when new counsel was appointed, "it's on the record that he was notified of that [motion] and given time[,]" but the additional submissions were "never made." The district court also noted that Felix "had ample opportunity through both counsel to challenge any consent that is alleged to have been given to search his apartment." *See, e.g., United States v. Richardson*, 764 F.2d 1514, 1517 (8th Cir. 1985). Therefore, Felix's second argument has no merit.

Third, Felix alleges that audiotapes of intercepted and monitored conversations were not timely sealed and were tampered with, and, therefore, should have been suppressed. However, Felix never moved to suppress the tapes on either of these grounds. He did request a hearing on their admissibility based on their audibility, but withdrew that motion after the government produced affidavits and transcripts in discovery. Thus, his argument is waived. In addition, he cannot demonstrate error, plain or otherwise, because he provides nothing to support his allegations that the tapes were improperly sealed or tampered with.

Fourth, Felix contends that his trial attorney was ineffective for failing to investigate and request the government's witnesses medical records prior to trial and for failing to investigate any of his pre-trial motions. This contention is contrary to his confirmation that he was satisfied with his counsel before the trial began. Moreover, as

6

noted above, we can not consider it here.

Fifth, and finally, Felix contends that the district court abused its discretion in denying his request for a continuance and thereby denied his newly-appointed counsel adequate opportunity to prepare for trial. On the first day of trial, Felix expressed concerns about his newly appointed attorney. The district court made an appropriate inquiry, and discussed the matter with defense counsel and Felix. Felix then confirmed that he was satisfied with his new lawyer and his preparation. Accordingly, the request for a one-month continuance was denied, but the court adjourned the trial until the next day so Felix and his attorney could use the intervening time to meet and further prepare for trial.

Given the circumstances here, the district court's decision to deny a one-month continuance was not an abuse of discretion. *See Morris v. Slappy*, 461 U.S. 1, 11-13 (1983).

## V.

For all of the above reasons, we will affirm the judgment of conviction and sentence. We will also grant counsel's motion to withdraw.

———————