**UNITED STATES of America**

v.

**Donald Wayne MARVIN, Appellant**

No. 98–2086.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a)
Nov. 4, 1999

Filed May 8, 2000

---

Philip D. Lauer, Philip D. Lauer, P.C., Easton, PA, for Appellant.

Seth Weber, Assistant United States Attorney, Philadelphia, PA, for Appellee.

Before: BECKER, Chief Judge, GREENBERG, and CUDAHY,* Circuit Judges.

## OPINION OF THE COURT

BECKER, Chief Judge.

### I.

Donald Wayne Marvin pled guilty to conspiracy, robbery, and the use of a firearm during a crime of violence. Marvin wanted to appeal aspects of his sentencing, but Marvin's counsel filed an *Anders* motion, requesting to withdraw from representing him and expressing his belief that there were no nonfrivolous arguments for appeal. After reviewing the brief, we conclude that it is inadequate, and deny counsel's motion.

In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal.[1] *Anders* struck down a process that allowed courts of appeals to accept a mere assertion by counsel that he or she found the appeal to be "without merit." *Id.* at 743, 87 S.Ct. 1396. The Court suggested, however, that if, after a "conscientious examination" of the record, counsel found no nonfrivolous issues for appeal, he or she could submit a brief "referring to anything in the record that might arguably support the appeal." *Id.* at 744, 87 S.Ct. 1396. Many courts took this as a prescription, but the Supreme Court recently explained that it was only a suggestion. *See Smith v. Robbins*, —— U.S. ——, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Each state is free to use any process, Smith explained, so long as defendants' rights to effective representation are not compromised. *See id.* at 753.[2]

---

* Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation

1. The duties find their roots in the Due Process and Equal Protection Clauses, which ensure that an indigent criminal defendant has the right to "adequate and effective appellate review." *Griffin v. Illinois*, 351 U.S. 12, 20, 76 S.Ct. 585, 100 L.Ed. 891 (1956). This includes the right to effective assistance of counsel. *See Douglas v. California*, 372 U.S. 353, 355–58, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). This right is presumptive, and not confined to those cases in which an independent review of the record convinces an appellate court that counsel "would be helpful to the defendant or to the court." *Id.* at 355, 83 S.Ct. 814. *Anders* explained that, while there is some limit to this right, in that counsel may be permitted to withdraw from entirely frivolous appeals, the court must use procedures to protect against counsel withdrawing when the issues are not frivolous. *See* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493.

2. In *Smith*, the Court approved California's current approach, by which counsel files a brief which summarizes the relevant procedure and facts and

> attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the

The relevant Third Circuit rule tracks the *Anders* suggestion:

> Where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States. The United States shall file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, it will discharge current counsel, appoint substitute counsel, restore the case to the calendar, and order supplemental briefing.

Third Circuit Rule 109.2(a).

This rule, like the *Anders* case itself, provides only a general explanation of the contours of the court's and counsel's obligations in the *Anders* situation. However, two opinions of the Court of Appeals for the Seventh Circuit, *United States v. Tabb*, 125 F.3d 583 (7th Cir.1997), and *United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996), have shed new light on the interpretation of *Anders*. These opinions fill in gaps left by *Anders* and its early progeny with respect to two critical questions: (1) the responsibilities of counsel in submitting an *Anders* brief (*Tabb*); and (2) the duties of the courts of appeals with respect to an independent review of the record (*Wagner*).[3] In this case, because we conclude that the *Anders* brief was inadequate, we need only address the first issue.

In *Tabb* and its companion case, *United States v. Dale* (consolidated with *Tabb* on appeal) the Seventh Circuit explained the dual duties of counsel in the *Anders* situation: (1) to satisfy the court that he or she has thoroughly scoured the record in search of appealable issues; and (2) to explain why the issues are frivolous. See 125 F.3d at 585, 586. With regard to the first duty, the panel recognized that counsel need not, in an *Anders* brief, raise and reject every possible complaint. See *id.* at 585. However, "the brief at minimum must assure us that [counsel] has made a sufficiently thorough evaluation of the record to conclude that no further discussion of other areas of the case is necessary." *Id.* Applied to the facts of *Tabb*, the court was troubled because

> [w]hile [the brief] makes a series of points that are true, it gives no indication that counsel has determined, following a proper examination of the record, that there is no nonfrivolous basis for the appeal. We wish to emphasize that

brief, and informed the client of his right to file a *pro se* supplemental brief. He further requests that the court independently examine the record for arguable issues.... [H]e is silent on the merits of the case and expresses his availability to brief any issues on which the court might desire briefing. 120 S.Ct. at 753.

**3.** In *Wagner*, Judge Posner concluded that where an *Anders* brief appeared adequate, it would be inappropriate for a panel "to comb the record ... searching for possible nonfrivolous issues that both the lawyer and his client may have overlooked and, if we find them, appointing a new lawyer and flagging the issues we've found for him." 103 F.3d at 553. Rather

> [i]f the brief explains the nature of the case and fully and intelligently discusses the is-

sues that the type of case might be expected to involve, the Court will ... confine its scrutiny of the record to the portions of it that relate to the issues discussed in the brief. If in light of this scrutiny it is apparent that the lawyer's discussion of the issues that he chose to discuss is responsible and if there is nothing in the district court's decision to suggest that there are other issues the brief should have discussed, the Court will have enough basis for confidence in the lawyer's competence to forgo scrutiny of the rest of the record.

*Id.* Although this approach appears sound, we have no occasion to adopt it today, as we reject the *Anders* brief filed in this case for facial inadequacies.

counsel need not discuss every possible issue. Our concern here is not counsel's decision not to press certain issues, but rather that his discussion does not indicate that he made a reasoned decision not to raise the issues he has omitted. While we give broad discretion to attorneys to decide what matters to discuss in an *Anders* brief, the degree to which we rely on counsel to determine whether an appeal is warranted requires sufficient indicia in the brief that counsel has made a sound judgment.

*Id.* Obviously, what constitutes "sufficient indicia" cannot be laid down in a formulaic manner, and individual panels will have to apply their better judgment to the circumstances of each case.

With regard to the second duty, the court held that counsel must also explain to the court why the issues are frivolous. Discussing *Dale*, the companion case, the *Tabb* court noted that counsel mentioned several issues but ·

> rather than explaining why these issues would be frivolous, counsel argues the issues ... as though they had merit (having disclaimed the arguments as his own, and indicating he was making them only because his client requested that he do so).... He simply makes the arguments that [the defendant] requested and then states his belief that other arguments are frivolous, as though this were readily apparent. We do not think it is, and therefore we must deny counsel's motion to dismiss the appeal and withdraw from the case.

*Id.* at 586.

■ We follow *Tabb* and adopt its precepts. We thus conclude that, except in those cases in which frivolousness is patent, we will reject briefs, like those encountered in *Tabb*, in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for

his or her client. In this case, we reject the *Anders* petition for both reasons.

## II.

■ Donald Wayne Marvin was charged with, and plead guilty to, conspiracy to interfere with interstate commerce by robbery, interference with interstate commerce by robbery, and using a firearm during a crime of violence. After receiving a presentence report and conducting a sentencing hearing, the court sentenced him. Marvin pressed for an appeal, claiming that there were several sentencing errors, but his counsel filed a brief with this court stating that he believed there to be no nonfrivolous arguments for appeal. Marvin submitted his own brief, opposing the *Anders* motion and raising a host of other issues.

As in *Tabb*, Marvin's counsel has not provided us with sufficient indicia that he has explored all possible issues for appeal. As an initial matter, he does not mention all the issues raised by his client and assure us that he has considered them and found them patently without merit. Furthermore, while he lists five issues for potential appeal in the beginning of his motion, he only discusses a few of them in the body of the brief. Moreover, the record counsel has provided does not include the formal sentencing objections (although the transcript of the sentencing hearing indicates that he made such objections prior to the hearing), which might clarify why he ultimately abandoned those objections. Counsel simply has not provided sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised.

Additionally, as in *Tabb*'s companion case *Dale*, counsel does not explain why those issues that he does address are legally frivolous. For example, the heading of the first section of the *Anders* brief is titled: "The District Court Erred in Assessing an Enhancement to the Sentencing Guideline Calculation for Possession, Dis-

play or Brandishment of a Firearm." In this section, counsel lays out Marvin's contentions without explaining why these contentions are flawed. Likewise, the third section entitled "The District Court Erred in Assessing a Two–Level Enhancement to the Sentencing Guideline Offense Level for Appellant's Role in the Offense" is argued vigorously by Marvin's lawyer, without an explanation for why the court should consider the appeal frivolous.

The argument in the second section also falls short. In this section, entitled "The District Court Erred in Assigning One Criminal History Point for a Conviction Which Should Not Have Been Included," counsel lays out an outline of Marvin's argument and then states:

> Counsel is aware of no supporting law for this assertion, as the criminal history point in Paragraph 71 was assigned for a "prior sentence" pursuant to U.S.S.G. § 4A1.1(c), which requires the addition of a point for each prior sentence [up to 4] which does not result in the length of imprisonment necessary to count under §§ 4A1.1(a) or 4A1.1(b). Plainly, these were prior "sentences," as defined at U.S.S.G. § 4A1.2(a), and were correctly counted.

The statute to which counsel cites does not, however, plainly refute Marvin's argument. Therefore, even this, the most extensive effort made in the brief to demonstrate the inadequacy of Marvin's claims, is cursory and conclusory.

For the foregoing reasons, we reject the *Anders* brief filed by counsel in this case. By so doing, we do not express any opinion as to the merits of any issues in Marvin's underlying appeal. We merely note that we are not yet ready to decide this case rudderless, without the guidance of counsel. The motion of counsel for leave to withdraw will be denied. Counsel for ap-

pellant shall submit further briefing consistent with this opinion.[4]

---

4. Third Circuit Rule 109.2(a) provides that if the court finds no arguable merit it will grant the motion, while if the panel finds arguable merit, it will discharge counsel and appoint substitute counsel. The rule does not provide for the circumstance in which the panel makes no determination as to whether there are issues of arguable merit or not because the brief is inadequate.