

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2003

# USA v. Mosier

Precedential or Non-Precedential: Non-Precedential

Docket 01-3809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Mosier" (2003). *2003 Decisions.* Paper 788.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/788

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3809

_____

UNITED STATES OF AMERICA

v.

GUY E. MOSIER,

<u>Appellant</u>

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 01-cr-272-03
District Judge: Honorable William H. Yohn

_____

Submitted Under Third Circuit  LAR 34.1(a)
February 25, 2003

Before: Becker, <u>Chief Judge</u>, Scirica, <u>Circuit Judge,</u> and Shadur, <u>District Judge</u>[*]

(Filed February 27, 2003)

_____

OPINION

_____

BECKER, <u>Chief Judge</u>.

This is an appeal by defendant Guy Mosier from the judgment of the United States District

_____

[*]Honorable Milton I. Shadur, Senior United States District Judge, Northern District of
Illinois, sitting by designation.

Court of the Eastern District of Pennsylvania entered pursuant to a bargained-for guilty plea to conspiracy to distribute and possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846 and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[1]  Mosier's counsel has filed a brief pursuant to *Anders v. California*, 3286 U.S. 738 (1967), stating *inter alia*:

> After a complete and careful review of the entire record in this matter it is clear that there are no meritorious issues present and that this appeal is wholly frivolous.

Our jurisprudence requires that counsel in an *Anders* situation adequately attempt to uncover the best arguments for his or her client. *See United States v. Marvin*, 211 F.3d 778 (3d Cir. 1999).  Counsel's brief represents that he has referred to those portions of the record that might arguably support the appeal and direct the Court to the relevant law. Having read the record, we are satisfied that counsel has fulfilled his *Anders* obligations, and agree with his estimate of the appeal.    Counsel's brief addressed two questions: (1) was Mosier's guilty plea entered knowingly and voluntarily and in conformity with the law; and (2) was the sentence imposed legal.  We have reviewed the comprehensive sentencing colloquy including the comprehensive advice of rights and accompanying waivers offered, as well as extensive description of the factual basis for the plea, including Mosier's admissions that he was guilty as charged.  We find no basis for appeal with respect to

---

[1]Mosier filed his appeal pro se, and we afforded him an opportunity to file a pro se brief. Mosier filed a motion for an extension of time, which we granted on July 18, 2002, extending this time for filed of a brief to August 26, 2002.  Mosier did not file a brief.

voluntariness of the plea. Neither do we discern any problems with the sentence, or any other possible grounds for appeal. We will therefore grant counsel's request to withdraw, and will affirm the judgment on the merits.[2]

TO THE CLERK:

Kindly file the foregoing opinion.

 /s/ Edward R. Becker
Chief Judge

_____

[2]We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court. Third Cir. LAR 109.2(b)(2000).