

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2003

# USA v. Toomer

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2835

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Toomer" (2003). *2003 Decisions.* Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2835

UNITED STATES OF AMERICA

v.

TERIAN TOOMER,
                                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 01-cr-00573-1
District Judge:  The Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2003

Before: RENDELL, BARRY, and CHERTOFF, Circuit Judges

(Opinion Filed:  December 10, 2003 )

OPINION

BARRY, Circuit Judge

On September 19, 2001, in the Eastern District of Pennsylvania, a federal grand

jury returned a one-count indictment charging Terian Toomer ("Toomer") with

possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Pursuant to 18 U.S.C. § 924(e), a notice of prior convictions was included. On April 12, 2002, Toomer appeared before the Honorable Harvey Bartle, III, and, pursuant to a written plea agreement, pled guilty to the indictment. At sentencing, Judge Bartle determined that Toomer was an armed career criminal given that his record included three adult convictions for violent offenses. As such, Section 4B1.1 of the United States Sentencing Guidelines applied. Toomer's offense level, after a reduction by three levels for acceptance of responsibility, was 31 and his criminal history category was VI. His guideline imprisonment was 188 to 235 months, and he was sentenced to the top of that range.

Counsel has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that Toomer has no non-frivolous basis for appeal.[1] Toomer subsequently submitted a pro se brief asserting that his appeal is meritorious. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. After careful review, we will

---

[1] Under *Anders*, appointed counsel may request permission to withdraw from a case where, after a conscientious examination, he determines that the appeal is wholly frivolous. *Anders*, 386 U.S. at 744. Counsel must support his request with a brief, which demonstrates that a thorough search has been conducted for appealable issues, makes reference to anything in the record that might arguably support an appeal, and explains why any potential issues would be frivolous. *Id.; United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000). When counsel submits an *Anders* brief, our inquiry is twofold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.

Because Toomer entered an unconditional guilty plea on the record in open court, his arguments on appeal are limited to challenging the jurisdiction of the District Court, the validity of the plea, and the legality of the sentence imposed. *See United States v. Broce,* 488 U.S. 563 (1989). The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 for alleged offenses against the United States under 18 U.S.C. §§ 922(g)(1) and 924(3). Moreover, our review of the record indicates that Toomer's guilty plea was knowing and voluntary and that the District Court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure in accepting the plea. Toomer's sole complaint regards the legality of his sentence. He states that he wishes to challenge his prior convictions as constitutionally invalid and a "miscarriage of justice." In *Custis v. United States*, 511 U.S. 485 (1994), the Supreme Court of the United States held that a defendant facing sentence under the Armed Career Criminal Act may not challenge the predicate convictions unless he or she had not been represented by counsel. During none of Toomer's prior convictions was he without counsel.

Accordingly, the judgment of the District Court will be affirmed, and counsel's motion to withdraw will be granted.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge