**UNITED STATES of America,**

v.

**Karriem MOORE a/k/a Karriem Davis**

**Karriem Davis, Appellant.**

No. 02–3160.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 13, 2004.

Decided Jan. 15, 2004.

George S. Leone, Sabrina G. Comizzoli, Office of United States Attorney, Newark, NJ, for Appellee.

Karriem Moore, Coleman Medical FCI, Coleman, FL, for Appellant.

Before: ALITO, CHERTOFF, and BECKER, Circuit Judges.

OPINION

BECKER, Circuit Judge.

This is an appeal by defendant Karriem Moore from the judgment in a criminal case following his plea of guilty to the charge of escape from a community corrections center in violation of 18 U.S.C. §§ 751 and 4082. He was thereafter sentenced to a term of fifteen months to be followed by a three-year term of supervised release.

Moore filed a timely appeal and following the appeal, defense counsel filed a motion to withdraw and a brief in support of this motion pursuant to the decision in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, after a statement of the case and the facts, counsel makes the following statement:

> Counsel contend that a complete review of the record of proceedings in this matter reveals that there are no non-frivolous issues for appellate review. The plea and sentencing proceedings were constitutional and satisfied procedural requirements, and there was no evidence that Mr. Moore was other than competent and able to comprehend both proceedings. The sentence imposed at the discretion of the sentencing court was within the applicable range of the Sentencing Guidelines. Lacking any grounds for appeal, counsel request permission to withdraw from the case.

After thorough examination of the record, we agree with counsel that there are no non-frivolous issues to raise on appeal. Judge Bassler was extremely thorough in his conduct of the Rule 11 colloquy, fulfilling all the requirements of the rule, and also in the conduct of the sentencing proceedings. We note in this regard that Judge Bassler confirmed that Moore had read the report, that he had reviewed the report with his attorney, and that he had no objections or corrections to the report. Moore informed his counsel of a basis for downward departure that had not been previously disclosed, namely, that he had left his grandmother's house under duress. Defense counsel requested, and Judge Bassler granted, a recess to address this new information. Following discussion with counsel, Mr. Moore decided not to proceed with the downward departure motion on the ground of duress. Judge Bassler then reviewed with Moore the finality of his decision to withdraw this motion, emphasizing that he had a right to make the motion and that were he to decide not to make the motion, he would forfeit his right to do so. Moore confirmed that he had had sufficient time to consider the merits of withdrawing his motion, and that he had had sufficient time to discuss his motion and the ramification of the decision to withdraw his motion with counsel.

When the sentencing resumed, defense counsel was able to explain Moore's reasons for having left his grandmother's without authorization, and requested leniency on his behalf, given the drug problem that prompted his actions. Defense counsel also stressed that with his remaining undischarged sentence and the sentence to be imposed for the current conviction, Moore would have adequate time remaining in prison to address his addiction without the need for a sentence at the top of the guideline range. Judge Bassler imposed a sentence of fifteen months, at the bottom of the guideline range. Judge Bassler also waived the fine, and granted Moore's requests that he be recommended for participation in a drug abuse program while in prison and for designation to FCI Coleman.

Our jurisprudence requires that counsel in an *Anders* situation adequately attempt to uncover the best arguments for his or her client. *See United States v. Marvin*, 211 F.3d 778 (3d Cir.1999). We are satisfied that counsel has fulfilled his *Anders* obligations. Indeed we commend counsel on his excellent and comprehensive *Anders* brief. We will therefore grant counsel's request to withdraw, and will affirm the judgment on the merits.[1]

---

1. We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court.3d Cir. LAR 109.2(b)(2000).