

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# USA v. Ahmadi

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3532

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Ahmadi" (2006). *2006 Decisions.* Paper 629.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/629

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3532

UNITED STATES OF AMERICA

v.

JAMES TYRONE AHMADI,
                                                          Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim No. 93-CR-00003-2)
District Judge:   Honorable John C. Lifland

Submitted Under Third Circuit L.A.R. 34.1(a)
July 13, 2006
Before:   SMITH, WEIS and ROTH, Circuit Judges.
(Filed:   August 2, 2006)

OPINION

WEIS, Circuit Judge.

        In 1993, defendant pleaded guilty to conspiracy to commit a bank robbery,

armed bank robbery and unlawful use of a firearm.  The District Court sentenced him to

106-months imprisonment and five-years supervised release.  This appeal arises from the

imposition of a 25-month sentence after he violated the terms of his supervised release.

1

This was the fourth time that defendant failed to abide by the terms of his supervised released.

The District Court held a hearing, during which defendant requested and received the right to proceed *pro se*. At that hearing, the District Court explored the facts underlying the current violation and the defendant's history of supervision offenses.

After the District Court imposed the sentence, this Court appointed Robert Little, Esquire as the defendant's counsel on appeal. Where persuaded that an appeal presents no issue of even arguable merit, defense counsel may file a motion to withdraw and a supporting brief. 3d Cir. L.A.R. 109.2. In reviewing a motion to withdraw, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)).

We must be satisfied that "counsel has thoroughly examined the record in search of appealable issues" and has explained in the *Anders* brief, "why the issues are frivolous." Id.

In our independent review of the trial court record, we "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief." Id. at 301. On appeal in the present case, Mr. Little submitted an *Anders* brief suggesting four possible issues that might have been raised, but lacked arguable merit:

1. The defendant's concession of the violation was not a knowing and voluntary waiver;

2. Ineffective assistance of counsel;

3. The twenty-months sentence was unreasonable; and

4. The District Court erred in allowing defendant to proceed *pro se* during the hearing.

Although he was notified of the *Anders* brief and the motion to withdraw, defendant has not filed a *pro se* brief.

We have carefully reviewed the record submitted to us and agree that defendant has no nonfrivolous grounds by which he may establish error in the District Court. The issues presented lack legal merit and do not warrant the filing of a petition for writ of *certiorari*. See 3d Cir. LAR 109.2(c).

We will grant Mr. Little's motion to withdraw. The judgment of the District Court will be affirmed.

_____