

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2008

# USA v. Amparo-Padilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3958

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Amparo-Padilla" (2008). *2008 Decisions.* Paper 479.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/479

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3958

_____

UNITED STATES OF AMERICA

v.

EULALIA AMPARO-PADILLA,
a/k/a
JUANA SANTOS

Eulalia Amparo-Padilla,

Appellant.

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 07-cr-027)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2008

Before:  BARRY, AMBRO, and JORDAN, *Circuit Judges*,

(Filed:  September 26, 2008)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Eulalia Amparo-Padilla ("Amparo-Padilla") appeals the sentence imposed by the District Court for her conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Amparo-Padilla challenges the reasonableness of her sentence and argues that she should have received additional credit against her federal sentence for time she served in state prison. We will affirm.

I.      **Background**

Amparo-Padilla, a citizen of the Dominican Republic, was arrested in Delaware on February 18, 2005 on charges of possession with intent to distribute 50 to 100 grams of cocaine. At the time of her arrest, Amparo-Padilla told the police that her name was Juana Santos. The State of Delaware notified the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), that a Juana Santos ("Santos") had been arrested. ICE ran an immigration database check on Santos which revealed that the FBI database number for Santos matched the FBI database number for Amparo-Padilla. ICE determined that Santos was probably an alias used by Amparo-Padilla, who had been deported in December 1997 pursuant to a conviction for an aggravated felony. ICE served the State of Delaware with an immigration detainer, requesting that it be notified when Amparo-Padilla was released from custody.

On February 20, 2007, after Amparo-Padilla served her two-year state sentence, the State of Delaware turned her over to ICE custody. ICE agents interviewed Amparo-

Padilla, and she admitted that she had provided a false name to the state police, that she had previously been deported from the United States, and that she did not request advance permission to reapply for admission into the United States before returning in 2001. On June 13, 2007, Amparo-Padilla pled guilty to illegal re-entry following deportation.

At sentencing, the District Court calculated Amparo-Padilla's sentence under the United States Sentencing Guidelines ("Guidelines"), and her total offense level was 21. She had six Criminal History points, giving her a Criminal History Category of III. Her sentencing range under the Guidelines thus included imprisonment for 46 to 57 months.

Amparo-Padilla argued for a variance from the recommended Guidelines range, requesting a sentence of 18 months. Her first argument for leniency was that a 1994 drug conviction,[1] which increased her Criminal History Category score, resulted from her own addiction to drugs and her involvement in situations where she was at the direction of others. She stated that, prior to her 1994 conviction, she had lived in the United States for almost eleven years with employment and without any arrests or problems with law enforcement. She asserted that, when she returned to the United States in 2001, she was addicted to drugs and that the 2005 arrest occurred as a result of her addiction because she was actually picking up drugs for personal use, with no intention of selling them. She further maintained that, in the past, she did not understand the consequences of her

---

[1]In addition to her 2005 state drug conviction, Amparo-Padilla had been convicted in 1994 of possession with intent to distribute five grams or more of cocaine base. She was sentenced to 60 months in prison and four months of supervised release. However, after serving almost four years of that sentence, she was deported.

3

actions because of her drug addiction, but that her perspective had changed now that she was no longer addicted to drugs.

Amparo-Padilla also argued for leniency on the basis that ICE's timing in bringing the federal charges against her after she completed her state sentence denied the District Court an opportunity to determine whether a concurrent sentence was warranted. She asserted that she should have had the opportunity to argue in the District Court for concurrent time because "her entire criminal record is affecting her current sentence, and she has already done substantial time on that." (App. at 38.)

In response to Amparo-Padilla's argument for an 18-month sentence, the government noted that had she illegally re-entered the United States without also committing the drug crime, she still would have had a significant sentence under the Guidelines of 41 to 51 months in prison, resulting from a Criminal History Category of II and an offense level of 21. Therefore, according to the government, even if the Court considered ICE's timing in bringing the charges against Amparo-Padilla and decided to consider the Criminal History Category she would have had had she been charged by ICE before she was convicted in Delaware, her sentence under the Guidelines would still be greater than 18 months' imprisonment. The government maintained that, under either calculation, an 18-month sentence would be inconsistent with the sentence similarly situated defendants receive, a significant consideration under 18 U.S.C. § 3553(a). Furthermore, the government asserted that an 18-month sentence would be inconsistent

4

with § 3553(a)'s other goals of deterrence, reflecting the seriousness of the offense, and promoting respect for the law. Finally, the government acknowledged that, had ICE brought charges against Amparo-Padilla in 2005, the District Court would have had an option under the Guidelines to consider a concurrent sentence; however, the government believed that "it seem[ed] counter to a system of justice to say, okay, you have been convicted of a separate crime, so we will give you credit and make you better than ... you would have been had you not committed that crime." (App. at 42.)

The District Court found the government's arguments against an 18-month sentence persuasive, and sentenced Amparo-Padilla to 36 months in prison, three years of supervised release, and a special assessment of $100, which was below both Guidelines calculations presented to the Court.[2] The Court justified this sentence within the context of reviewing § 3553(a)'s factors.

Following the sentencing, Amparo-Padilla filed a timely notice of appeal.

## II.    Discussion[3]

Amparo-Padilla's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no non-frivolous issues for review and requesting permission to withdraw as counsel. On December 19, 2007, we issued a letter and order

---

[2]The fine was waived, as the District Court found that Amparo-Padilla did not have the ability to pay it.

[3]The District Court had jurisdiction in this criminal matter pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

permitting Amparo-Padilla to file a *pro se* brief by January 22, 2008, yet she failed to file one.

Under Third Circuit Local Appellate Rule ("L.A.R.") 109.2, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders* ... ." When examining an *Anders* brief, we consider: "(1) whether counsel adequately fulfilled the ... requirements [of L.A.R. 109.2]; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). It is imperative that the *Anders* brief show "that counsel has thoroughly examined the record in search of appealable issues, and ... explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). Although counsel is not obligated to raise and discuss every possible claim, we must be satisfied that counsel made a conscientious examination of the case. *Id.*

We conclude that counsel has thoroughly examined the record in search of appealable issues and has adequately explained why no non-frivolous issues exist on appeal. After engaging in our own independent examination of the record, we too conclude that this appeal presents no meritorious issues.

Defense counsel framed two possible issues for review on appeal. The first issue is whether Amparo-Padilla "should have received more credit against her federal sentence

for the time she spent serving her state sentence." (Brief in Support of Motion to Withdraw Pursuant to *Anders* at 15.) The second issue is whether Amparo-Padilla's sentence is reasonable. Counsel frames the first issue as whether the District Court erred in denying a motion for downward departure under Guideline § 5K2.23, and argues that this issue is frivolous because we do not have jurisdiction to review a district court's discretionary decision not to grant a motion for departure. However, as the government points out in its brief, Amparo-Padilla never made a motion for downward departure under Guideline § 5K2.23, and, even if she had, the motion must be denied due to her inability to qualify for relief under that provision. Section 5K2.23 allows a district court to grant a downward departure under two conditions: (1) the defendant already completed serving a term of imprisonment, and (2) § 5G1.3(b) "would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense." Amparo-Padilla's sentence for illegal re-entry does not qualify for an adjustment or concurrent term of imprisonment to her state sentence under § 5G1.3(b) because the state drug felony was not "relevant conduct" for her re-entry crime. Therefore, the first issue is frivolous because Amparo-Padilla was never entitled to any consideration for a downward departure under § 5K2.23.

As to the second issue, we review a district court's sentencing decision for reasonableness under an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). In *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), we set

7

forth the three-step sentencing procedure that district courts must follow, which includes an initial calculation of the Guidelines range, then a ruling and explanation on any motions for departure, and, finally, an analysis of the case under the factors set forth in § 3553(a). In this case, the District Court not only followed this three-step procedure, but it also thoroughly documented on the record its reasoning as to each step. In addition to being procedurally reasonable, the analysis provided by the District Court shows that the sentence is substantively reasonable. The Court acknowledged that the Guidelines were advisory and that it had discretion to vary from the Guidelines' recommendation, which it did when it sentenced Amparo-Padilla to 36 months in prison. Therefore, we are satisfied that defense counsel has made a conscientious examination of the case and adequately explained that no non-frivolous issues exist for consideration on appeal.

## III.    Conclusion

We affirm the judgment of conviction and sentence, and will grant counsel's request to withdraw.