NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2700
_____

UNITED STATES OF AMERICA


v.

FARUK ONCEL,
Appellant.


_____


On Appeal from the United States District Court
for the
District of New Jersey
(D.C. Civ. No. 08-429)
District Judge: Katharine S. Hayden

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 22, 2011

Before: FUENTES, SMITH, AND VAN ANTWERPEN, *Circuit Judges*.

(Opinion Filed: March 31, 2011)
_____

OPINION OF THE COURT
_____


FUENTES, *Circuit Judge*:

Faruk Oncel appeals the sentence resulting from his plea of guilty to a count of

theft of monies from a plan subject to Title I of ERISA, in violation of 18 U.S.C. § 664.

Oncel was sentenced to 27 months' imprisonment, three years of supervised release, and restitution in the amount of $91,576.10. Counsel for Oncel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and requested leave to withdraw. Since we are satisfied that there are no non-frivolous issues concerning which Oncel may appeal, we affirm the District Court's sentence and grant Oncel's counsel leave to withdraw.

## I.

Because we write primarily for the parties, we set forth only the facts and history that are relevant to our conclusion. Oncel pled guilty in July 2009 pursuant to a plea agreement in which the parties stipulated that his offense level for Sentencing Guidelines purposes was 13 and that neither party would seek a variance or departure, except that Oncel reserved the right to argue for a variance on the grounds that his criminal history category overstated the seriousness of his criminal history. The agreement also included an appellate waiver waiving both parties' rights to appeal a determination that Oncel's offense level was 13, but reserving both parties' rights to appeal the District Court's determination of his criminal history category.

In March 2010, the District Court held a sentencing hearing at which it adopted the proposed offense level of 13. The court then heard argument concerning the appropriate criminal history category to assign Oncel. The government advocated for a criminal history category of V, which would result in a sentence of at least 30 months. The defense argued that mechanical application of the Guidelines in Oncel's case would overstate the seriousness of his criminal history and argued that the court should vary downwards to sentence him as if he were in the criminal history category of IV, which

2

would result in a sentence of 24 to 30 months. After argument, the court sentenced Oncel to 27 months (that is, in the middle of the range Oncel had requested).

Upon appeal, counsel filed an *Anders* brief and requested leave to withdraw. Oncel himself was given the opportunity to file a brief *pro se*, but has not done so.

**II.**

When a court-appointed appellate counsel can identify no non-frivolous issues for appeal, she must "so advise the Court and request permission to withdraw," accompanying her request with a brief "referring to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967). This brief must show that counsel "scoured the record in search of appealable issues" and explain why any issues identified are "frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). We must then determine whether counsel "adequately fulfilled the rule's requirements" and whether "an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). However, when the *Anders* brief appears adequate, we limit our scrutiny to those issues and portions of the record identified by the brief. *Id*. at 301.

In this case, counsel's *Anders* brief appears adequate. Counsel has identified three possible issues: the knowingness and voluntariness of Oncel's guilty plea; the enforceability of Oncel's appellate waiver; and the reasonableness of Oncel's sentence. In each instance, we agree with counsel that the issue is frivolous. The District Court conducted an adequate colloquy (with a translator present) to assure that Oncel

3

understood the nature and consequences of his plea. *See, e.g., Iowa v. Tovar*, 541 U.S. 77, 92 (2004). Oncel also freely entered into his waiver of his right to appeal the determination of his offense level, and there would be no miscarriage of justice in enforcing it. *See, e.g., United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008). Finally, the District Court properly considered the factors specified in 18 U.S.C. § 3553(a) before sentencing Oncel to a term of imprisonment within the range which he himself had indicated would be appropriate.

## III.

For the foregoing reasons, we affirm the sentence of the District Court and grant defense counsel permission to withdraw from the case.