NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3651
_____

UNITED STATES OF AMERICA

v.

DAMON BOYD,
                            Appellant
_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-12-cr-00125-001)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: September 15, 2015)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Appellant Damon Boyd was convicted of two drug crimes and was sentenced to

360 months' incarceration. On appeal, Boyd's counsel filed a motion to withdraw,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

pursuant to *Anders v. California*, 386 U.S. 738 (1967). Boyd also filed a pro se brief. For the reasons addressed below, we will grant counsel's motion to withdraw and affirm the judgment of conviction and sentence.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In 2011, detectives from a multi-jurisdictional task force began investigating the East Hills Bloods, a street gang that trafficked in heroin. The investigation focused on an individual named Richard Bush and his associates. The District Court granted a request for a wiretap on Bush's phone. After an incoming call from an unknown male was intercepted from Bush's phone, the District Court approved a wiretap on a telephone number alleged to have been used by Boyd, who was thought to be involved in the drug conspiracy, but not the gang. After monitoring a series of communications on Boyd's phone, law enforcement agents were able to determine that Boyd and another party— later revealed to be Kenneth Townsend—were making arrangements to meet for a possible drug transaction. In addition, there was an active warrant for Boyd's arrest for failure to appear for a hearing. Law enforcement agents conducted a pre-planned traffic stop after Boyd met with Townsend and placed Boyd under arrest. While waiting for a tow truck, Detective Shane Countryman noticed that Boyd's car radio was loose, and

while investigating, discovered inside the radio cavity two large pieces of suspected crack cocaine. A search warrant was subsequently obtained to search Townsend's residence. Almost two ounces of cocaine were found along with two digital scales, baking soda, a pot with white residue, and a mixing cup with white residue.

Boyd was indicted by a grand jury in the Western District of Pennsylvania for conspiracy to possess with intent to distribute 280 grams or more of crack, in violation of 21 U.S.C. § 846 (Count One) and possession with intent to distribute 28 grams of crack, in violation of 21 U.S.C. § 841 (Count Two). The District Court denied Boyd's pretrial motion to suppress physical evidence found in the search of his vehicle. Boyd filed a second pretrial motion to suppress all communications intercepted pursuant to a Title III wiretap. The District Court denied that motion as well. At Boyd's request, his attorney conceded his guilt to Count Two at trial. The jury then found him guilty of conspiracy to distribute 28 grams or more of crack cocaine (a lesser-included offense of Count One), and of possession with intent to distribute 28 grams of crack cocaine as charged in Count Two. Boyd was classified as a career offender during sentencing and sentenced to 360 months' incarceration.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In *Anders*, "the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal."[1] Under *Anders*, counsel seeking to withdraw from representation must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous."[2] "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."[3] An argument is frivolous if counsel determines that the "appeal lacks any basis in law or fact."[4]

## III.

Boyd's counsel has identified five issues that might arguably be raised on appeal: whether (1) the District Court erred in denying suppression of the physical evidence found in the vehicle; (2) the District Court erred in denying suppression of all communications intercepted from the wiretap of Boyd's phone; (3) the District Court erred in its sentencing findings and calculations; (4) the District Court erred in classifying

---

[1] *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000).

[2] *Id.* at 780.

[3] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

[4] *McCoy v. Ct. of App. of Wisc., Dist. 1*, 486 U.S. 429, 438 n.10 (1988).

Boyd as a career offender; and (5) the District Court erred in sentencing Boyd to 360 months' incarceration. After reviewing the briefs and the record, it is evident that counsel has adequately reviewed the record and relevant law, and that Boyd lacks any appealable issues of arguable merit.

A.

A review of the record reveals that the District Court did not err when it denied Boyd's motion to suppress physical evidence found during the search of his vehicle. The District Court ruled that the search of Boyd's vehicle by detectives without a search warrant was permissible due to the automobile exception to the warrant requirement. We would review de novo whether the District Court erred in denying the motion.[5]

The automobile exception allows warrantless searches of vehicles if the police officer has probable cause to believe the vehicle contains contraband.[6] Officers may also search compartments and containers within a vehicle, so long as the officer has probable cause to search the vehicle. A probable-cause determination must not be based on the subjective perception of the police officer, but instead must be based on objective facts that would justify the issuance of a warrant by a magistrate.

Detective Countryman testified that he stopped Boyd and intended to arrest him based on the outstanding warrant. Based on the intercepted communications about drug trafficking Boyd sent and received on his phone, the District Court found that Detective

---

[5] *United States v. Torres*, 534 F.3d 207, 209 (3d Cir. 2008).
[6] *United States v. Donahue*, 764 F.3d 293, 299-300 (3d Cir. 2014).

Countryman had probable cause to believe that the vehicle contained drugs. Because Detective Countryman had probable cause to believe Boyd possessed drugs due to the intercepted communications, the search of the radio cavity was permissible. We agree with the District Court's ruling and agree that Boyd's appeal of the District Court's suppression ruling would be frivolous.

B.

A review of the record indicates that the District Court did not err when it denied Boyd's motion to suppress the wire and electronic interceptions. This suppression motion would similarly be reviewed de novo. A showing of both probable cause and necessity is required to obtain a wiretap. Law enforcement officers must present an affidavit to the court with a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."[7]

The Government does not need to "exhaust all other investigative procedures before resorting to electronic surveillance."[8] "Rather, it is sufficient if there is evidence that normal investigative techniques . . . reasonably appear to be unlikely to succeed if tried."[9] The Government only needs to present a factual predicate of why other investigation techniques are insufficient.

---

[7] 18 U.S.C. § 2518(1)(c).
[8] *United States v. Williams*, 124 F.3d 411, 418 (3d Cir. 1997).
[9] *Id.* (alteration in original) (internal quotation marks omitted).

In the case at hand, the Government supplied an affidavit containing eighteen pages of statements of necessity that explained why various investigative procedures would likely fail. Because Boyd was contacting the main suspect in the investigation, Richard Bush, it was necessary to wiretap Boyd to determine his identity, as Boyd's identity was unknown without the wiretap. The District Court correctly ruled that the Government had met its burden of establishing necessity for the wiretap order and Boyd's counsel has correctly determined that any challenge to the District Court's ruling would be frivolous.[10]

### C.

This Court will review the legality of Boyd's sentence by determining whether it was procedurally and substantively reasonable.[11] In reviewing for procedural error, this Court reviews whether the District Court followed a three-step process when imposing a sentence. The District Court must: (1) correctly calculate the defendant's advisory Guidelines range; (2) appropriately consider any motions for a departure under the

---

[10] Boyd, in his pro se brief, argues that because the agent who signed the wiretap affidavit was not the one who testified with regard to the motion to suppress the communications, his Confrontation Clause rights were violated. He also argues that he was entitled to a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). These arguments are fatally flawed as he did not make them below, and because the second agent testified as to the vehicle search, not the wiretap.

[11] *Gall v. United States*, 552 U.S. 38, 51 (2007).

Guidelines; and (3) give meaningful consideration to the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).[12]

The District Court calculated the appropriate Guidelines range. Under U.S. Sentencing Guidelines Manual § 2D1.1, the Base Offense Level for drug-trafficking convictions is determined by the quantity of drugs involved in the offense, and the total quantity includes the aggregate of all relevant conduct involved in the offense. Boyd was found with 224 grams of crack cocaine in his vehicle while a search of Townsend's residence revealed 56 grams of cocaine. Boyd's counsel is correct that any quantities of a controlled substance found at Townsend's home should be included in Boyd's Guideline calculation because Boyd and Townsend jointly undertook criminal activity and the amount of cocaine found in Townsend's home was within the scope of the criminal activity Boyd undertook.

The District Court properly denied a two-point reduction in Boyd's sentencing offense level for acceptance of responsibility because, although Boyd conceded his guilt as to Count Two, he went to trial on Count One. Under the Guidelines, a concession of guilt is not dispositive as to the acceptance of responsibility and does not result in an automatic reduction. Moreover, the sentencing judge has broad discretion when weighing the appropriate sentencing factors. The District Court did not err in designating Boyd as a career offender. The District Court correctly found that Boyd had at least two prior felony

---

[12] *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

convictions before the instant offense that qualified him for the career offender designation.[13] Boyd's counsel properly determined that Boyd has no nonfrivolous basis for an appeal on this issue.

The sentence imposed by the District Court is procedurally reasonable. The District Court turned to the factors set forth in 18 U.S.C. § 3553(a) and gave them appropriate, rational, and meaningful consideration. The District Court noted the serious nature of the offense and Boyd's extensive criminal history. Boyd had his first brush with the criminal justice system at age twelve and is now forty-one years old. Over the past thirty years, Boyd's crimes have become more serious. The District Court explained that due to Boyd's background and the nature of his criminal history, he is unlikely to become a law-abiding citizen. The District Court concluded that the thirty-year sentence imposed corresponds to the need for punishment, rehabilitation, and deterrence. The sentence was procedurally reasonable.

"In the absence of procedural error, we review for substantive reasonableness, and we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt

---

[13] *See* U.S.S.G. § 4B1.1(a). The period of incarceration on Boyd's 1995 conviction extended into the fifteen-year period within the meaning of Section 4A1.2(e). Thus, Boyd's pro se argument that it is not a qualifying offense is unsustainable.

provided."[14] This is not one of those cases. Based on the District Court's rationale and its consideration of the Guidelines, we find the sentence was substantively reasonable.

IV.

We find that counsel has carefully reviewed the record and identified no issue constituting a nonfrivolous basis for appeal. We will grant counsel's motion to withdraw, pursuant to *Anders*, and will affirm the judgment of conviction and sentence of the District Court. Counsel is also relieved of any obligation to file a petition for writ of certiorari in the Supreme Court.[15]

---

[14] *United States v. Negroni*, 638 F.3d 434, 443 (3d Cir. 2011) (alteration in original) (internal quotation marks omitted).

[15] *See* 3d Cir. LAR 109.2(b).