**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1452
_____

UNITED STATES OF AMERICA

v.

ELLIS HAWKINS,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:17-cr-00109)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 15, 2026
_____

Before:  SHWARTZ, CHUNG, and AMBRO, <u>Circuit Judges</u>.

(Filed: January 20, 2026)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Ellis Hawkins appeals his conviction for assaulting a corrections officer and his 109 month-sentence. His counsel argues that his appeal presents no nonfrivolous issues and moves to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). We agree, and we will grant the motion and affirm.

I

Hawkins was serving a 440-month term of imprisonment for an armed carjacking and home invasion robbery when he headbutted and broke the nose of a corrections officer who was escorting him from suicide watch to a shared cell. Hawkins was indicted for assaulting a corrections officer and inflicting bodily injury in violation of 18 U.S.C. § 111(a)(1) and (b). Two psychiatric evaluations confirmed that he was competent to proceed to trial.[1]

---

[1] The Bureau of Prisons' staff assessed Hawkins's mental health repeatedly over the many years he has been in federal prison. Hawkins has been diagnosed with borderline personality disorder but maintains that he suffers from schizophrenia. The staff noted that Hawkins often attempted to manipulate his housing placement by manifesting suicidal ideations but demonstrated no signs of psychosis at the time of the assault. A competency evaluation completed after he was indicted reported a diagnosis of, among other things, malingering, and determined that he was competent to proceed to trial. Hawkins was also evaluated by another provider at the request of defense counsel. That provider also found that Hawkins was competent to proceed to trial, but he did not issue a formal report, and Hawkins's counsel and the Court opined that this was likely because such a report "was not going to be favorable" to Hawkins. App. 37.

During the seven-year pendency of this case,[2] Hawkins was appointed six different defense attorneys at his own requests.[3]  During his trial, Hawkins falsely testified that it was another officer, and not him, who injured the corrections officer.  His testimony was contradicted by video evidence, testimony from government witnesses, and his own previous statements.  The jury found Hawkins guilty.

At sentencing, the District Court reviewed the Guidelines calculation and considered objections to it.  It concluded that the applicable Guideline was U.S.S.G. § 2A2.2, which provided for a base offense level for the violation of 18 U.S.C. § 111(a)(1) of 14.  Enhancements were added because (1) the victim sustained serious bodily injury, (2) the victim was attacked because he was a government officer, (3) Hawkins was convicted of causing bodily injury in the course of the assault under § 111(b), and (4) Hawkins obstructed justice by testifying falsely at trial.  With a total offense level of 29 and a criminal history category of II, Hawkins's Guidelines range was 97 to 121 months' imprisonment.  The District Court imposed a Guidelines sentence of 109 months, to run consecutively to the 440-month term Hawkins was already serving because he committed this offense while serving another sentence.  The District Court recommended that

---

[2] Before trial, Hawkins indicated that the Speedy Trial Act required the dismissal of the indictment.  The District Court advised Hawkins that his counsel had to file a motion to dismiss to preserve this argument, but if his counsel failed to do so before trial, Hawkins could file a habeas corpus petition.  No motion was filed by Hawkins or his counsel.

[3] The day before trial, the District Court denied Hawkins's request that his sixth appointed counsel, Sandra Stepkovitch, be removed from the case, but permitted Hawkins to proceed pro se with Stepkovitch available as standby counsel.  On the first day of trial, however, the District Court granted Hawkins's request to be represented by Stepkovitch.

Hawkins be placed at a Federal Medical Center equipped to treat his mental health conditions.

Hawkins filed a notice of appeal. His counsel filed a motion to withdraw under Anders, identified two potential issues for appeal, and explained that neither provides a basis for overturning the conviction or sentence. Hawkins also filed a pro se brief.

## II[4]

### A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to [ensure] that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Rule 109.2 allows defense counsel to file a motion to withdraw and a supporting brief pursuant to Anders when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300. An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel has fulfilled Rule 109.2(a)'s requirements, we examine the Anders brief to see if counsel: (1) thoroughly examined the record in search

---

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988).

of appealable issues, identifying those that arguably support the appeal; and (2) explained why those issues are frivolous. See United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022); United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). If the Anders brief meets these requirements, it guides our review, and we need not scour the record beyond the issues identified in the brief. See Langley, 52 F.4th at 569.

Defense counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues warranting appeal. First, the brief demonstrates a thorough examination of the record and identifies (1) the District Court's jurisdiction, (2) potential issues regarding Hawkins's competency to stand trial, and (3) the reasonableness of his sentence. Second, the brief explains why any challenge to the conviction or sentence on these grounds would be frivolous under the governing law. Counsel's Anders brief is therefore sufficient, and we will proceed to review the issues counsel identified.

B

1

Hawkins's counsel correctly noted that the District Court had jurisdiction to enter the judgment of conviction and sentence. United States district courts have jurisdiction over federal offenses. 18 U.S.C. § 3231. Hawkins was indicted for assaulting a corrections officer and inflicting bodily injury, in violation of 18 U.S.C. § 111(a)(1) and (b), which is a federal offense. Thus, there is no issue of arguable merit concerning the District Court's jurisdiction.

Hawkins's counsel identified one possible trial-related issue—Hawkins's competency to stand trial—but it is meritless. "Due process prohibits the conviction of a legally incompetent person." United States v. Gillette, 738 F.3d 63, 76 (3d Cir. 2013). A defendant is legally incompetent if he "lacks the capacity to understand the nature and object of the proceedings[,] . . . to consult with counsel, and to assist in preparing a defense." Id. (quoting United States v. Leggett, 162 F.3d 237, 241 (3d Cir. 1998)). Under 18 U.S.C. § 4241(a), a court "shall" conduct "a competency hearing 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent . . . .'" United States v. Jones, 336 F.3d 245, 256 (3d Cir. 2003) (quoting 18 U.S.C. § 4241(a)).

Here, the District Court did not have reasonable cause to believe that Hawkins was legally incompetent. BOP staff and a mental health provider defense counsel selected evaluated Hawkins, and both found him to be competent. The Court and counsel viewed the decision of the provider selected by defense counsel not to issue a formal report as conveying that such a report "was not going to be favorable" to Hawkins. App. 37. Moreover, the Court allowed Hawkins to speak at length on his own behalf throughout the proceedings, even though he had counsel, and these interactions showed he understood the nature of the proceedings. Because the Court lacked reasonable cause to

---

[5] "We exercise plenary review over a district court's interpretation and application of the standards for determining competency, but we review for clear error a district court's decision not to hold a competency hearing." United States v. Gillette, 738 F.3d 63, 76 (3d Cir. 2013).

find that Hawkins was mentally incompetent, a formal competency hearing was not required under § 4241(a), and Hawkins's subsequent conviction—which was supported by the evidence— was consistent with due process.[6]

## 3[7]

Hawkins's sentence is procedurally and substantively reasonable.  With respect to procedural reasonableness, the District Court followed the required sentencing framework by (1) correctly calculating the applicable Guidelines range based on the facts adduced at trial and Hawkins's criminal history, and (2) meaningfully considering the 18 U.S.C. § 3553(a) factors, including Hawkins's mental health history and request for a downward variance.  See United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

The sentence was also substantively reasonable because we cannot say that "no

_____

[6] In addition to raising concerns about his competency to stand trial, Hawkins's pro se brief raises other non-meritorious issues.  First, Hawkins argues that the indictment should have been dismissed under the Speedy Trial Act, but because no motion to dismiss was filed, he waived his right to raise a Speedy Trial Act violation.  18 U.S.C.A. § 3162(a)(2); Zedner v. United States, 547 U.S. 489, 502-03 (2006)).  Second, Hawkins argues that his lawyer was ineffective for several reasons, but any ineffectiveness claim generally should be raised under 28 U.S.C. § 2255 rather than on direct appeal.  United States v. Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002).  Third, Hawkins's assertion that the District Court erred by permitting his attorney to stipulate to the exclusion of video evidence that he claims would prove his innocence fails because only inadmissible hearsay in the video was excluded.  See Fed. R. Evid. 802.  Fourth, Hawkins complains that he did not receive unidentified "paperwork," and to the extent this is the same as the Brady arguments he made to the trial court, the record does not show he was deprived of any material.  Pro Se Br. at 1.

[7] We review the procedural and substantive reasonableness of a sentence for abuse of discretion, Gall v. United States, 552 U.S. 38, 46, 51 (2007), and we review the factual determinations underlying a sentence for clear error, United States v. Douglas, 885 F.3d 145, 150 n.3 (3d Cir. 2018).

reasonable sentencing court would [not] have imposed" the same sentence "for the reasons the district court provided." Id. at 568. First, a sentence within the applicable Guidelines range is presumptively reasonable. Rita v. United States, 551 U.S. 338, 347 (2007). Second, the record reflects that Hawkins's sentence was imposed in consideration of his mental and emotional health issues, his adult criminal convictions, his frequent disciplinary infractions while incarcerated, and the seriousness of his offense. Third, imposing a consecutive sentence is consistent with U.S.S.G. § 5G1.3(a) because Hawkins committed the offense while serving a prison term. Thus, any challenge to the substantive reasonableness of Hawkins's sentence would be meritless.[8]

### III

Because counsel has thoroughly examined the record and identified no nonfrivolous grounds for appeal, we will grant counsel's motion to withdraw and affirm.

---

[8] Hawkins's pro se argument that the District Court erred by applying a sentencing enhancement for obstruction of justice lacks merit and is frivolous because Hawkins provided false testimony at trial by denying the assault that he was found guilty of committing beyond a reasonable doubt. See U.S.S.G. § 3C1.1.

8