NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-2829
_____

UNITED STATES OF AMERICA

v.

PATRICK WATSON,
                              *Appellant*

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-10-cr-00095-017)
District Judge:  Honorable Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Filed: November 1, 2012)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Patrick Watson appeals his judgment of sentence after pleading guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 (2006). Counsel for Watson has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion and affirm the District Court's judgment.[1]

## I.

In March of 2004, Watson helped stage a car accident that provided the basis for fraudulent insurance claims. After the scheme to engage in insurance fraud was discovered, Watson pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. The District Court sentenced Watson to six months of imprisonment, three years of supervised release, a $5,000 fine, restitution of $7,500, and a special assessment of $100. Watson timely appealed his sentence and argues in a *pro se* brief that his criminal history category was miscalculated.

After conscientious examination of the record, Watson's counsel concludes that his client's arguments are "wholly frivolous" and requests permission to withdraw pursuant to *Anders*. 386 U.S. at 744.

## II.

To satisfy *Anders* requirements, appellant's counsel must thoroughly review the record in search of appealable issues and explain why the issues are frivolous. *United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000). Counsel need not raise and

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

dismiss every possible claim but must meet the "conscientious examination" standard established in *Anders*. *Id.*; 386 U.S. at 744. In his *Anders* brief, Watson's counsel states that he "reviewed the transcripts from the change of plea hearing and from the sentencing hearing." Appellant's Br. at 8. He identifies the portions of the record relevant to a claim that the District Court misapplied the guidelines, but concludes that such a claim would be frivolous. We agree.

The record does not support the contention that the District Court miscalculated or misapplied the sentencing guidelines. Although the Government incorrectly stated during the sentencing hearing that Watson had a prior conviction for drug sales, the District Court recognized that the conviction was not for drug sales, but for possession of "a very small amount" of marijuana. App. at 10. Moreover, the District Court sentenced within the proper four- to ten-month range outlined in the Presentence Investigation Report ("PSR"), rather than the incorrect eight- to fourteen-month range asserted by the Government in the sentencing hearing.

The other claims that Watson raises in his *pro se* brief are equally meritless. At sentencing, Watson did not dispute the criminal history calculation. He now claims that he was unrepresented for two of his prior convictions (for marijuana possession and defiant trespassing) and that his waiver of counsel in these proceedings was not knowing and intelligent. Watson does not present any evidence that he was deprived of counsel in either proceeding and therefore he fails to meet his burden of overcoming the presumption of regularity that attaches to final judgments. *See Parke v. Raley*, 506 U.S. 20, 31 (1992); *United States v. Jones*, 332 F.3d 688, 697 (3d Cir. 2003). Watson further

3

claims that two of his prior convictions were downgraded and thus should not have factored into his criminal history score. He offers no support for this claim either, however, and the claim directly contradicts the undisputed PSR. Because a defendant's failure to object to facts in the PSR amounts to an admission, the District Court properly weighed these convictions when calculating Watson's criminal history. *United States v. Siegel*, 477 F.3d 87, 93 n.2 (3d Cir. 2007).

For the reasons above, we find that counsel's *Anders* brief is satisfactory. Our independent review of the record does not reveal any nonfrivolous issues to address. We therefore will grant counsel's motion to withdraw and affirm the judgment of sentence. Because the issues presented on appeal lack legal merit, pursuant to Local Appellate Rule 109.2(c), counsel is not required to file a petition for writ of certiorari with the United States Supreme Court.