NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3377
_____

UNITED STATES OF AMERICA

v.

JOHNNIE MARKEL CARTER,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-07-cr-00374-001
District Judge: The Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 10, 2014
_____

Before: SMITH, SHWARTZ and SCIRICA, *Circuit Judges*

(Filed: March 3, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Johnnie Markel Carter was found guilty by a jury of two counts of

conspiring to commit armed bank robbery in violation of 18 U.S.C. § 371, three

counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(d) and 2, and three

counts of carrying and using a firearm during a crime of violence in violation of 18

U.S.C. §§ 924(c)(1) and 2. The United States District Court for the Eastern

District of Pennsylvania sentenced Carter to an aggregate sentence of 840 months.

This timely appeal followed.[1]

Carter's counsel, who also represented him in the District Court, filed an

*Anders* brief[2] and requested leave to withdraw as counsel.[3] In *Anders*, the Supreme

Court stated that the "constitutional requirement of substantial equality and fair

process" means that appellate counsel must act as an advocate for the defendant.

386 U.S. at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best
> of his ability. Of course, if counsel finds his case to be wholly
> frivolous, after a conscientious examination of it, he should so advise
> the court and request permission to withdraw. That request must,
> however, be accompanied by a brief referring to anything in the
> record that might arguably support the appeal.

*Id.* As we explained in *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001),

the *Anders* brief must demonstrate that counsel has "thoroughly examined the

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise
appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[2] *See Anders v. California*, 386 U.S. 738 (1967).
[3] Consistent with Third Circuit Local Appellate Rule 109.2, Carter was advised of
his right to file a *pro se* brief. Despite several extensions of time, Carter failed to
timely file any *pro se* submission challenging his conviction or sentence.

2

record in search of appealable issues," and it must "explain why the issues are frivolous." Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If review fails to reveal any nonfrivolous issues, the court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

After considering counsel's *Anders* brief, we are satisfied that she thoroughly examined the record for issues of arguable merit and fulfilled the requirements of *Anders*. We agree with counsel that any contention that the evidence was insufficient lacks merit. The testimony of the witnesses, including two of Carter's accomplices, and the physical evidence tying Carter to each bank robbery were more than sufficient to establish the elements of each of the offenses of conviction. Although some of the testimony may have been subject to attack because of inconsistencies and self-interest, we "review[] the sufficiency of the evidence in the light most favorable to the government and must credit all available inferences in favor of the government." *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998). If a rational juror could have found the elements of the crime

3

beyond a reasonable doubt, we must sustain the verdict. *United States v. Cartwright*, 359 F.3d 281, 286 (3d Cir. 2004). Having reviewed the record, we conclude that there is no basis for setting aside any of Carter's convictions.

With respect to Carter's sentence, we review it for procedural and substantive reasonableness, applying an abuse of discretion standard to both inquiries. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

We agree with counsel that there is no procedural error with regard to the computation of the sentencing guideline range. Nor do we find the sentence to be substantively unreasonable. The District Court noted the lack of any remorse by Carter at sentencing. It further noted that Carter's crimes "were well-planned [and] sophisticated." The Court rejected the defense request to impose only the mandatory minimums on the § 924(c) convictions and one day on the other substantive counts of robbery and conspiracy. It explained that such a sentence "would be a statement that the mandatory minimums were too long, and because they are too long there should be no sentence at all on the [other] substantive counts of robbery and conspiracy." In the District Court's view, it "would be unjust to give [Carter] no sentence on these robberies and conspiracy charges."

Finally, the Court noted that its lengthy sentence was necessary to protect the public as Carter had "acted out violently from time-to-time his entire life and showed absolutely no hesitation in terrorizing and intimidating people to obtain some money to support himself." In light of the District Court's explanation, we conclude that there was neither procedural nor substantive error by the District Court at the time of sentencing.

The government agrees with the assessment by Carter's counsel that the appeal is frivolous. To its credit, the government identified an additional issue worthy of our consideration, *i.e.*, the applicability of the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which was decided after both entry of the District Court's judgment and the filing of the *Anders* brief. The government posits that the District Court erred under *Alleyne* by increasing the mandatory minimum sentence on the first § 924(c) offense from five years to seven years on the basis that Carter "brandished" the firearm. According to the government, plain error review applies and Carter is unable to demonstrate that correction of this error is warranted under the circumstances. *See Olano v. United States*, 507 U.S. 725, 732 (1993) (setting out the four prong test for plain error review).

Because plain error is determined at the time of appellate review, *Henderson v. United States*, __ U.S. __, 133 S. Ct. 1121, 1126-27 (2013), and because the jury

5

did not determine that Carter "brandished" the firearm for the first §924(c) conviction, we conclude that it was error to conclude that Carter was subject to a mandatory minimum sentence of seven years. *Alleyne*, 133 S. Ct. at 2163.

Significantly, the indictment in this case alleged in the conspiracy count that Carter brandished the firearm. In light of that averment and because the evidence clearly established brandishing, we are persuaded that the error did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *See Olano*, 507 U.S. at 732 (internal quotation marks and citation omitted); *see also United States v. Cotton*, 535 U.S. 625, 634 (2002) (concluding plain error did not warrant correction in light of overwhelming evidence and damage to reputation of judicial proceedings if defendants, who were involved in a "large scale drug operation," were to receive a sentence for those convicted on lesser offenses).

In sum, we agree with counsel's assessment of Carter's appeal. Our own independent review of the record fails to reveal any nonfrivolous issues for appeal. Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court entered on September 13, 2011. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. *See* Third Circuit L.A.R. 109.2(b).