**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1261
_____

UNITED STATES OF AMERICA

v.

BRYAN KELLER HORTON, JR.
a/k/a Gutter


BRYAN KELLER HORTON, JR.,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-13-cr-00016-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2014

Before: MCKEE, *Chief Judge*, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Filed: November 6, 2014)
_____

OPINION*
_____

_____
        *This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Bryan Keller Horton, Jr. appeals the January 15, 2014, judgment of the District Court sentencing him to 140 months' imprisonment. His attorney has moved to withdraw under Anders v. California, 386 U.S. 738 (1967). We will grant the motion to withdraw and affirm the District Court's judgment.[1]

Horton pleaded guilty to distributing and possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). His unconditional guilty plea limits his relief to three claims: (1) jurisdiction; (2) the validity of his plea; and (3) the legality of his sentence.[2] The District Court had subject matter jurisdiction over Horton's offense.[3]

Horton's guilty plea was valid. The Anders brief and our independent review of the record show that the plea colloquy was comprehensive and complied with the requirements of Federal Rule of Criminal Procedure 11(b). We are satisfied that Horton's plea was "knowing, voluntary, and intelligent."[4]

Finally, Horton's sentence was not "imposed in violation of law[.]"[5] The sentence was procedurally and substantively reasonable.[6] "[T]he record as a whole reflects

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[2] See United States v. Broce, 488 U.S. 563, 569 (1989).
[3] 18 U.S.C. § 3231 ("The district courts shall have original jurisdiction . . . of all offenses against the laws of the United States.").
[4] United States v. Tidwell, 521 F.3d 236, 251 (3d Cir. 2008).
[5] 18 U.S.C. § 3742.
[6] United States v. Tomko, 562 F.3d 558, 568-69 (3d Cir. 2009).

rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."[7]

The District Court calculated the Guidelines range (151-188 months), engaged counsel in a discussion of the § 3553(a) factors, and explained why it granted Horton's request for an eleven month downward variance.[8] Because the District Court gave rational and meaningful consideration to the § 3553(a) factors, we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Horton] for the reasons the district court provided."[9]

Accordingly, we agree that there are no non-frivolous issues for appeal.[10] Counsel's Anders motion is granted and the judgment of the District Court is affirmed.

---

[7] United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007).
[8] See United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010).
[9] Tomko, 562 F.3d at 568.
[10] 3d Cir. L.A.R. 109.2(a); United States v. Marvin, 211 F.3d 778, 779 (3d Cir. 2000).