**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2383
_____

UNITED STATES OF AMERICA

v.

CALEB PARSONS,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2-12-cr-00399-005)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2016
_____

Before: FUENTES, SHWARTZ and BARRY, Circuit Judges

(Opinion Filed: September 8, 2016)
_____

OPINION*
_____

---

*    This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

BARRY, Circuit Judge

Caleb Parsons appeals his sentence of 160 months' imprisonment for conspiracy, dealing in firearms without a license, and possession of a firearm by a convicted felon. His court-appointed attorney has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and Parsons has filed a brief in which he asks us to "[a]ffirm the conviction and REMAND for resentencing with instructions to apply § 3E1.1 [acceptance of responsibility] and remove the point used to enhance the offense category pursuant to U.S.S.G. § 4A1.2(c)(1) and (2)." (Informal Brief ("pro se brief") at 5.) In an unusual twist, the Government has conceded that, as Parsons argues in his pro se brief, remand for resentencing is appropriate due to plain error in the calculation of his Guidelines range. For the reasons that follow, we will grant Parsons the relief he seeks as to § 4A1.2, relief that the Government agrees is appropriate: we will affirm the conviction, vacate Parsons' sentence, and remand for resentencing.

I.

In 2014, Parsons pleaded guilty to charges related to the illegal sale and possession of firearms, pursuant to a plea agreement. At sentencing, he argued that a 2006 disorderly conduct offense, included in the summary of his criminal history in the Presentence Investigation Report, should not be counted for purposes of computing his criminal history category, because—and only because—he did not commit the offense. The District Court determined that the claimed conviction was supported by documentation, however, and one criminal history point associated with this conviction

2

was included in the Guidelines calculation. The Court calculated Parsons' Guidelines range to be 140 to 175 months, which reflected a total offense level of 29 (including no reduction for acceptance of responsibility), and Criminal History Category V. The Court sentenced Parsons to a total term of incarceration of 160 months.

On appeal, Parsons' counsel filed a brief pursuant to Anders. Although counsel made note of the disputed disorderly conduct offense in two footnotes (see Anders Br. at 9-10 n.2, n.3), the brief indicated that there were no non-frivolous issues for appeal because the sentence was procedurally and substantively reasonable and there were no valid grounds to challenge the Government's refusal to file a motion pursuant to § 5K1.1, a downward departure based on cooperation. Parsons, as noted, filed a pro se brief, arguing that he should have received a reduction in offense level for acceptance of responsibility, and that, under § 4A1.2(c) of the Guidelines, the disorderly conduct offense should not have been used in the calculation of his criminal history category because he did not receive a sentence of 30 or more days of imprisonment or one year of probation.

In its brief in response, the Government argued that counsel's argument regarding its failure to file a § 5K1.1 motion, and Parsons' argument with respect to acceptance of responsibility, were frivolous, and that, in any event, the § 3E1.1 argument was barred by the appellate waiver in Parsons' plea agreement. The Government acknowledged, however, that, as Parsons argued, the District Court committed procedural error when it assigned one criminal history point to the 2006 disorderly conduct conviction. Although

3

Parsons' appellate waiver would ordinarily preclude our review of that issue, and although he had not raised this specific objection at sentencing, the Government conceded that the Court's error was plain, and indicated that it "does not seek to enforce the waiver with respect to this issue, as the error affected Parsons' substantial rights." (Gov't Br. at 25.) The Government asked that we affirm Parsons' conviction, enforce the appellate waiver with respect to Parsons' acceptance of responsibility argument, and remand for resentencing without application of the criminal history point for the disorderly conduct conviction.

## II.[1]

In Anders, the Supreme Court emphasized that "[Counsel's] role as advocate requires that he support his client's appeal to the best of his ability." 386 U.S. at 744. An attorney may seek permission to withdraw if he finds a case to be "wholly frivolous" after a "conscientious examination" of the record; such request must, however, "be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. If the court agrees that the case is wholly frivolous, "it may grant counsel's request to withdraw and dismiss the appeal," but, "[o]n the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review to determine whether there are any non-frivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988).

In reviewing an Anders brief, we inquire as to "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). "[W]e will reject briefs . . . in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client." United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000).

In this case, counsel's brief was, at least technically, inadequate under Anders. Although counsel listed the issue of "[i]nterpretation and application" of § 4A1.2(c)(1) in his statement of issues, he addressed the issue only in two footnotes that fail to explain why it was frivolous. (See Anders Br. at 9-10 n.2, n.3.) He likewise devoted only one sentence to the denial of a reduction for acceptance of responsibility, the second issue raised by Parsons in his pro se brief. (See id. at 19.) Simply stated, counsel failed to meaningfully deal with the two issues later raised by Parsons, such that we can be assured that he has considered them and found them "patently without merit," see Marvin, 211 F.3d at 781; indeed, the Government itself acknowledges that a non-frivolous issue exists.

Parsons' argument with respect to § 4A1.2(c) is, as the Government recognizes, non-frivolous. Section 4A1.2(c) provides that certain sentences, including sentences for a disorderly conduct offense, are included in the criminal history calculation only if "the sentence was a term of probation of more than one year or a term of imprisonment of at

5

least thirty days" or if the prior offense was "similar to an instant offense." Here, according to the PSR, Parsons' 2006 disorderly conduct offense resulted in no punishment beyond the payment of fines and costs, and it is not similar to the instant firearms offenses. See U.S.S.G. § 4A1.2 cmt. n. 12(A). As the Government, to its credit, recognizes, this offense was erroneously counted, and the additional criminal history point bumped Parsons up into Criminal History Category V, resulting in a Guidelines range of 140 to 175 months. Had Parsons correctly been placed in Category IV, his Guidelines range would have been 121 to 151 months. His sentence, a total of 160 months' imprisonment, could well have been lower had the Court calculated the correct Guidelines range.

Ordinarily, when a panel of our Court finds arguable merit to an appeal or that an Anders brief is inadequate, we will appoint substitute counsel and order supplemental briefing. See Local Appellate Rule 109.2(a). This is not an ordinary case. Here, no one, including defense counsel in his effort to comply with the strictures of Anders, even obliquely refers to any potential issue as to the conviction itself. No one raises any issue other than to the sentence that was imposed, and no one seeks other than a resentencing, much less a new direct appeal. (See Pro Se Br. at 5 (requesting that we "Affirm the conviction and REMAND for resentencing . . . ."); Gov't Br. at 17 ("The government . . . agrees with the appellant that the district court committed an error in the sentencing calculation that should be corrected on remand.").)

6

III.

We will affirm the conviction, vacate Parsons' sentence, and remand for resentencing without the criminal history point incorrectly applied and for the District Court to consider, if proffered, other reasons as to why a particular sentence should be imposed. We will deny counsel's motion to withdraw without prejudice to any application being made to the District Court for new counsel (or to withdraw) for purposes of the resentencing proceeding.